**MARYLAND CASUALTY CO. v. RUTHERFORD et al.**

Circuit Court of Appeals, Fifth Circuit.
November 26, 1929.

No. 5702.

E. H. Foster, Julius Dorenfield, Jr., and John R. Fullingim, all of Amarillo, Tex., for appellant.

James O. Cade, of Amarillo, Tex., for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This was an action by the widow and minor children of Ralph J. Rutherford on a policy of insurance issued by appellant. The policy was taken out and the premium thereon was paid by the city of Hereford, Tex., and included insurance against loss resulting from death or accident to its policemen, to the full extent that compensation and other benefits were provided for injury or death of employees by the Texas Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). The petition alleged that Rutherford was an employee, and also that he was a policeman. The answer denied that he was an employee, but admitted that he was a policeman.

In Texas it has been held by the Supreme Court that a policeman is a state officer, and not a city employee, Yett v. Cook, 115 Tex. 205, 281 S. W. 837; and that a city of Texas is without power to bind itself as an employer under the Compensation Act, Southern Casualty Co. v. Morgan (Tex. Com. App.) 12 S.W.(2d) 200. But in the last-cited case it was further held that a city employee was entitled to recover from an insurer, who had collected the premiums and had contracted to provide insurance for city employees, according to the terms of the Compensation Act, and we see no reason why that decision is not in point here. In this case the city of Hereford did not undertake to become a subscriber under the Compensation Act, as did the city of Weatherford in the Morgan Case, and so far as appears acted within its charter powers in taking out insurance to protect its officers, in whom it had an insurable interest. At all events, appellant received a premium as consideration for its obligation to insure; and the contract of insurance was an executed one, was not unlawful, or opposed to public policy. Appellant had the right to enter into the insurance

contract on terms satisfactory to it, and could measure its liability by adopting by reference applicable provisions of the Compensation Act, just as effectively as it could bind itself by setting out those provisions at length in the policy itself.

The judgment is affirmed.