Willie C. SMITH, Appellant,

v.

HARRIS COUNTY–HOUSTON SHIP CHANNEL NAVIGATION DISTRICT et al., Appellees.

No. 16021.

Court of Civil Appeals of Texas.
Fort Worth.
May 15, 1959.

See also 329 S.W.2d 845.

Bierwirth & Rosenbaum, and Henry E. Rosenbaum, and Jerome J. Pope, Houston, for appellant.

Baker, Botts, Andrews & Shepherd, Rush Moody, Jr., and Thos. M. Phillips, Houston, for appellees.

BOYD, Justice.

Willie C. Smith sued Harris County-Houston Ship Channel Navigation District and Lykes Brothers Steamship Company, Inc., for damages for personal injuries alleged to have been proximately caused by the negligence of the defendants. The injuries were sustained when Smith's foot went through the flooring of a dock owned and operated by the District and being used by Lykes Brothers, Smith being engaged at the time in the performance of his duties in guarding the dock.

The District filed a plea in abatement alleging that it was an instrumentality of the State, created by Legislative act, a governmental agency and body politic, exclusively engaged in governmental duties for the welfare of the people of Texas, and was not liable in tort to appellee. The court

sustained the plea in abatement and dismissed the suit as to the District. Smith appeals.

Appellant's point for reversal is that the District was in the performance of a proprietary function at the time of the alleged tort and was liable for injuries caused by its negligence, and that the court erred in sustaining the plea in abatement and dismissing the suit.

That immunity may be lost by municipal corporations, such as cities, when a tort arises from acts performed in their proprietary capacities, is not open to question. But we think the Navigation District is in a different category, and that the precise question is whether the District is such a political subdivision of the State as is immune from liability for negligence of its employees.

Article 3, sec. 52, of the State Constitution, Vernon's Ann.St., authorizes political subdivisions of the State to lend their credit in aid of maintaining waterways for the purpose of navigation. Article 16, sec. 59, of the Constitution, declares that the conservation and development of the natural resources of the State, including the navigation of its inland and coastal waters, are public rights and duties, and provides for the creation of conservation and reclamation districts "essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law."

The District was created by an act of the Legislature in 1927, being Ch. 97, p. 256, Laws of Texas, 1927, 40th Legislature, First Called Session. It was created for the purposes, among others, of developing deep water navigation and improving the rivers, bays, creeks, and streams within the District, and of constructing and maintaining canals or waterways to permit navigation.

■ It seems to be settled that navigation districts, irrigation districts and levee improvement districts, created under the constitutional provisions and statutory enactments in pursuance thereof are not classed with municipal corporations, but are political subdivisions of the State, performing governmental functions, and stand upon the same footing as counties, precincts, and other political subdivisions established by law, and are not liable in actions sounding in tort. Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth, 142 Tex. 320, 177 S.W.2d 936; Hodge v. Lower Colorado River Authority, Tex.Civ.App., 163 S.W.2d 855; Jones v. Jefferson County Drainage Dist. No. 6, Tex.Civ.App., 139 S. W.2d 861, error refused; Peters v. Matagorda County Drainage Dist. No. 1, Tex. Civ.App., 146 S.W.2d 779; Bennett v. Brown County Water Imp. Dist. No. 1, 153 Tex. 599, 272 S.W.2d 498; Karling v. Lower Colorado River Authority, Tex.Civ.App., 303 S.W.2d 495; Bexar Metropolitan Water District v. Kuntscher, Tex.Civ.App., 274 S.W.2d 121.

In holding that a water improvement district was not liable for alleged negligence of its agents in the exercise of a claimed proprietary function, the Supreme Court, in Bennett v. Brown County Water Imp. District No. 1, 153 Tex. 599, 272 S.W.2d 498, 499, said:

"Petitioners admit that this district is 'a governmental agency and a body politic', but contend that the liability of the district is analogous to that of a city; i. e., it is liable for the negligence of its agents and servants resulting in the exercise of proprietary functions as distinguished from governmental functions. Petitioners further contend that the furnishing of water for irrigation purposes to the inhabitants of the District is a proprietary and not a governmental function. We think this matter has been foreclosed by previous decision of this Court, both by this Court's opinion, and by our 'refusal' of application for writ of error (since 1927) in two cases from the Courts of Civil Appeals."

In Karling v. Lower Colorado River Authority, Tex.Civ.App., 303 S.W.2d 495, 500, the court said:

"Since the Brown County Water Improvement District, a 'governmental agency(ies) and body politic and corporate' is governed by the law applicable to counties, we believe that L. C. R. A., 'a governmental agency and body politic and corporate' is also governed by the law applicable to counties. Such law requires tort liability to be created by statute. There is no such statute and there is no liability."

The judgment is affirmed.