Virgil A. DILLARD, Plaintiff,

v.

NUECES COUNTY NAVIGATION DISTRICT NO. 1 TERMINAL GRAIN ELEVATOR PROJECT, and/or Nueces County Navigation District No. 1 Grain Storage Elevator Project d/b/a Corpus Christi Public Elevator and Aetna Insurance Company, Defendants.

Civ. A. No. 2130.

United States District Court
S. D. Texas,
Corpus Christi Division.

March 6, 1963.

Utter & Chase, Norman L. Utter, Corpus Christi, Tex., for plaintiff.

Keys, Russell, Keys & Watson, James C. Watson, Corpus Christi, Tex., for defendants.

GARZA, District Judge.

This is an action by Virgil A. Dillard for compensation under the Workmen's Compensation Act, or, in the alternative, under a voluntary workmen's compensation endorsement to a policy of workmen's compensation issued by Aetna Insurance Company to Nueces County Navigation District No. 1 Terminal Grain Elevator Project and/or Nueces County Navigation District No. 1 Grain Storage Elevator Project, d/b/a Corpus Christi Public Elevator.

Plaintiff alleges in his second amended complaint that he sustained accidental injuries on July 28, 1960, and August 16, 1961, while employed by the above named insured at its place of business, the Corpus Christi Public Elevator. Plaintiff alleges further that his employer at the time of his injuries was eligible under State law to be a subscriber under the Workmen's Compensation Act of Texas, and that Aetna Insurance Company was authorized to write workmen's compensation insurance in this State. In the alternative, Plaintiff states that in the event he is mistaken that the Workmen's Compensation Act applies, then the voluntary workmen's compensation insurance attached by endorsement to the main policy would afford coverage to his employer and entitle him to benefits in accordance with the schedules outlined in the Workmen's Compensation Act.

On January 23, 1959, "Notice That Employer Has Become Subscriber" was filed with the Industrial Accident Board by Nueces County Navigation District No. 1 Terminal Grain Elevator, and Defendant alleges that no notice of cancellation or cessation of being a subscriber has ever been filed with the Board.

After Plaintiff's second injury, on August 16, 1961, he filed a claim for compensation which was received by the Industrial Accident Board on May 19, 1962. Upon receiving a letter from the Industrial Accident Board, dated June 8, 1962, that "It appears the Industrial Accident Board would be without jurisdiction to assist you in the handling of the above captioned claim"; Plaintiff brought this action on July 17, 1962, before proceeding further with the Board. While this suit was pending, final action of the Industrial Accident Board denying jurisdiction was obtained on November 15, 1962. Plaintiff then filed his first amended complaint in this Court, appealing the action of the Board, and, in the alternative, claiming compensation under the voluntary workmen's compensation endorsement. He now joins as defendants; Nueces County Navigation District No. 1 Terminal Grain Elevator Project and/or Nueces County Navigation District No. 1 Grain Storage Elevator Project d/b/a Corpus Christi Public Elevator, and the Aetna Insurance Company.

The Court has heard oral arguments on the pending motions to dismiss and alternative motions for judgment on the pleadings, filed by Defendants, and must resolve whether Plaintiff states a cause of action under either of his two theories.

The first question presented here is whether or not a navigation district can become a subscriber under the Texas Workmen's Compensation Act.

Article 8309, Section 1, Vernon's Texas Civil Statutes, states:

"'Employer' shall mean any person, firm, partnership, association of persons or corporations or their legal representatives that makes contracts of hire."

Although the courts have not passed on the question of whether a navigation district can be a subscriber under the Workmen's Compensation Act, such districts "are political subdivisions of the State, performing governmental functions, and stand upon the same footing as counties, precincts and other political subdivisions established by law." Smith v. Harris County-Houston Ship Channel Navigation District, Tex.Civ. App., 330 S.W.2d 672; Willacy County Water Control and Improvement District

No. 1 v. Abendroth, 142 Tex. 320, 177 S. W.2d 936.

It is apparent that the State Legislature has never considered such political subdivisions, municipal corporations, or the State itself, to be included in the above definition of "employer", since on at least four different occasions it has submitted constitutional amendments to the electorate, authorizing the Legislature to provide for workmen's compensation for State employees (Art. 3, sec. 59, 1936), county employees (Art. 3, sec. 60, 1948), municipal employees (Art. 3, sec. 61, 1952), and for county and other political subdivision employees (Art. 3, sec. 60, 1962). See, also, 45 Tex.Jur., Workmen's Compensation, Sec. 69, and 40 Tex. Jur.2d, Municipal Corporations, Sec. 622.

Legislation providing for this coverage is contained in Articles 8309c for county employees, 8309d for University of Texas employees, and 8309e for city, town and village employees, the last of which was passed in 1953. As yet no legislation has been enacted covering "other political subdivisions".

Thus, it would appear that a navigation district stands in the same position as that occupied by a city, town or village before any legislative authorization to become a subscriber. This analogy is necessary because the State courts have not passed on the eligibility of a navigation district to subscribe to workmen's compensation. The courts have, however, considered this question several times in connection with cities, towns and villages.

Although the above definition of "employer" in Art. 8309, sec. 1, would not exclude a navigation district or other political subdivision, it was early held in Texas that the compensation law does not apply to cities and towns. City of Tyler v. Texas Employers' Insurance Association, 288 S.W. 409 (1926, Tex.Com. App., Sec. B).

The reasoning of the Commission was that a municipal corporation was prohibited by the Constitution from lending its credit or granting public money in aid of or to any individual, associa-tion or corporation whatsoever, or to become a stockholder in any such corporation, association or company. Art. 3, Sec. 52, Constitution of Texas, Vernon's Ann.St. The constitutional prohibition against lending credit or aiding a corporation, applies to "any county, city, town or other political corporation or subdivision of the State." Art. 3, Sec. 52, Constitution of Texas.

The Tyler case involved a suit by Texas Employers' Insurance Association for premiums due by the City of Tyler. Since the Texas Employers' Insurance Association was held to be a mutual insurance corporation whose subscribers were stockholders, any such attempt by a city or town to become a member of the association was void. Further, to allow such action by a city would be to grant benefits to its employees in the nature of compensation for which the city would not otherwise be liable. Although it has never been overruled, later cases have limited this holding to a very restricted application.

In Southern Casualty Company v. Morgan (Com.App., Sec. A, 1929), 12 S.W.2d 200, affirming Tex.Civ.App., 299 S.W. 476, it was held that an injured city employee could recover compensation even though the city's subscription to an employer's mutual insurance association was prohibited and ultra vires. The distinction was made between a mutual company and an "old line" company such as Southern Casualty.

The Fifth Circuit in the same year held an insurer liable to a widow of a deceased city employee under a policy providing benefits determined under the Workmen's Compensation Act; although the city here did not undertake to become a subscriber under the Act, as did the city in the Morgan case. Maryland Casualty Company v. Rutherford et al. (C.C. A., 5th Cir., 1929), 36 F.2d 226.

The San Antonio Court of Civil Appeals held that a city may become a subscriber under the Workmen's Compensation Act, provided the insurance is not carried in a mutual insurance concern, and, further, that after a policy has been

issued by such a mutual company, premiums paid and the terms accepted by an employee, such company is estopped in a suit by an injured employee to plead that the policy is void because the city exceeded its authority in entering into the contract of insurance. Great American Indemnity Company v. Blakey (C.C.A.1937), Tex.Civ.App., 107 S.W.2d 1002.

The Supreme Court of Texas again considered this problem in McCaleb v. Continental Casualty Company (1938), 132 Tex. 65, 116 S.W.2d 679, in a suit to recover compensation under a voluntary compensation rider attached to an indemnity policy, for the death of an employee of the City of Corpus Christi. Here the policy provided that the Workmen's Compensation Law was not applicable but that the benefits would be determined thereby. Since the city had not undertaken to become a subscriber, it was not necessary to resort to the Industrial Accident Board for an award, and the Court held that liability to an employee of a city who accepts insurance under such a policy could not be defeated on the ground that the contract was ultra vires as to the City, since the insurer is estopped from denying the validity of the contract where it collects and retains premiums.

The San Antonio Court of Civil Appeals, in 1950, allowed an injured employee to recover on a policy in the nature of a workmen's compensation insurance policy and held, "The authorities are now uniform that a city may subscribe for Workmen's compensation insurance for its employees provided it does so in an old line legal reserve company." The Court then resorts to the cases of City of Tyler v. Texas Employers' Insurance Association and Southern Casualty Company v. Morgan as authority for the statement, "The provisions of this section (12e, art. 8306) do not apply in the present case, as the Industrial Accident Board has no jurisdiction herein." However, this is modified by the comment, "But if said Section 12e should apply, then its provisions have not been complied with by either

appellant or appellee, and for this reason alone the contention here made cannot be sustained." Hartford Accident & Indemnity Company v. Morris (C.C.A. 1950), Tex.Civ.App., 233 S.W.2d 218.

It is interesting to note that the two authorities cited for the proposition that the Industrial Accident Board has no jurisdiction held, in the first instance, that the entire contract of insurance was void, and in the second, the contract was enforced only after an appeal from the Industrial Accident Board.

The line of cases cited appears to this Court to have developed the proposition that a city or town could, even before the constitutional amendment and legislation referred to, become a subscriber under the Texas Workmen's Compensation Act with an old line legal reserve insurance company. The distinction in the cases on whether or not the Industrial Accident Board has jurisdiction, as well as whether or not the common-law remedies would be available, seems to rest on the intention of the city and the insurance company as evidenced in the policy. Where the agreement recognized that the Workmen's Compensation Act did not apply except as to the determination of benefits, then the Industrial Accident Board would have no jurisdiction; but where the city attempted to become a subscriber under the Act and the company retained the premiums on this basis, then a claim should be made to the Industrial Accident Board and all provisions of the Workmen's Compensation Act would be applicable

■ This Court holds, therefore, that a navigation district may become a subscriber for workmen's compensation insurance for its employees, provided it does so in an old line legal reserve company.

■■ Having filed its "Notice That Employer Has Become Subscriber" with the Industrial Accident Board and having purchased from Aetna Insurance Company, a standard workmen's compensation and employers' liability insurance policy, the Nueces County Navigation·

872

District No. 1 Terminal Grain Elevator Project and/or Nueces County Navigation District No. 1 Grain Storage Elevator Project d/b/a Corpus Christi Public Elevator is held to be a subscriber under the Texas Workmen's Compensation Act, and Plaintiff must proceed under that part of his second amended complaint seeking benefits under the Workmen's Compensation Act. Also, as pointed out in Defendant's motions, it appearing from the exhibits attached to the pleadings that claim for compensation was not filed with the Industrial Accident Board within six months after the date of injury, Plaintiff must show good cause why such claim was not made within the time prescribed by the Act. Article 8307, Section 4a, Vernon's Texas Civil Statutes. Paragraphs 14, 15 and 16 pleading in the alternative for relief under the voluntary compensation policy will be dismissed.

Clerk will notify counsel.