

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 26, 1969

The Texas Industrial
  Accident Board
State Insurance Building
Austin, Texas   78701

Opinion No. M- 522

Re:  Whether Section 18, Article
     8308, V.C.S., applies to
     Navigational Districts,
     Water Districts, and River
     Authorities.

Gentlemen:

     You have requested our opinion as to whether or not
Article 8308, Section 18, Vernon's Civil Statutes, applies to
Navigational Districts, Water Districts and River Authorities.

     Section 18 of Article 8308, Vernon's Civil Statutes,
in part, provides as follows:

> "Any employer may assume with respect to any
> employee or classification of employees not within
> the coverage of this law, other than any such
> employee or classification of employees for whom
> a rule of liability or a method of compensation
> has been or may be established by the Congress
> of the United States, the liability for compen-
> sation imposed upon employers by this law with
> respect to employees within the coverage of this
> law..."

     Section 59 of Article XVI, Texas Constitution, authorizes
the creation of conservation and reclamation districts.  The
Legislature has enacted statutes creating such districts in Title
128 of Vernon's Civil Statutes, (Volumes 21, 21A and 21B).

     Navigational Districts and like political subdivisions,
created under the constitutional provision for conservation
and development of natural resources and statutes enacted thereunder,
are political subdivisions of the state performing governmental
functions and standing upon the same footing as counties and

-2487-

The Texas Industrial Accident Board, Page 2 (M-522)

other political subdivisions established by law. Willacy County Water Control and Improvement District No. 1 v. Abendroth, 177 S.W.2d 936, 142 Tex. 320 (1944). This proposition of law was affirmed in Dillard v. Nueces County Navigation District No. 1 Terminal Grain Elevator Project, 214 F.Supp. 868 (S.D.Tex. 1963). In the Dillard case, the Court held as follows:

"It is apparent that the State Legislature has never considered such political subdivisions, municipal corporations, or the State itself, to be included in the above definition of 'employer', since on at least four different occasions it has submitted constitutional amendments to the electorate, authorizing the Legislature to provide for workmen's compensation for State employees (Art. 3, sec. 59, 1936), county employees (Art. 3, sec. 60, 1948), municipal employees (Art. 3, sec. 61, 1952), and for county and other political subdivision employees (Art. 3, sec. 60, 1962). See, also 45 Tex.Jur., Workmen's Compensation, Sec. 69, and 40 Tex.Jur.2d, Municipal Corporations, Sec. 622.

"Legislation providing for this coverage is contained in Articles 8309c for county employees, 8309d for University of Texas employees, and 8309e for city, town and village employees, the last of which was passed in 1953. As yet no legislation has been enacted covering 'other political subdivisions.'

"Thus, it would appear that a navigation district stands in the same position as that occupied by a city, town or village before any legislative authorization to become a subscriber. This analogy is necessary because the State courts have not passed on the eligibility of a navigation district to subscribe to workmen's compensation. The courts have, however, considered this question several times in connection with cities, towns and villages. (214 F.Supp. 870)..."

The Court stated that the definition of "employer" in Section 1 of Article 8309 would not exclude a navigation district or other political subdivision, and that it was first held by the Courts that the compensation laws did not apply to cities

-2488-

The Texas Industrial Accident Board, Page 3 (M-522)

and towns. (Citing authorities). After discussing various cases, the Federal Court stated:

"The line of cases cited appears to this Court to have developed the proposition that a city or town could, even before the constitutional amendment and legislation referred to, become a subscriber under the Texas Workmen's Compensation Act with an old line legal reserve insurance company. The distinction in the cases on whether or not the Industrial Accident Board has jurisdiction, as well as whether or not the common-law remedies would be available, seems to rest on the intention of the city and the insurance company as evidenced in the policy. Where the agreement recognized that the Workmen's Compensation Act did not apply except as to the determination of benefits, then the Industrial Accident Board would have no jurisdiction; but where the city attempted to become a subscriber under the Act and the company retained the premiums on this basis, then a claim should be made to the Industrial Accident Board and all provisions of the Workmen's Compensation Act would be applicable.

"This Court holds, therefore, that a navigation district may become a subscriber for workmen's compensation insurance for its employees, provided it does so in an old line legal reserve company." (214 F.Supp. 871).

We therefore answer your question in the affirmative.

S U M M A R Y

Article 8308, Section 18, Vernon's Civil Statutes, applies to navigational districts, water districts, and river authorities.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

The Texas Industrial Accident Board, Page 4 (M-522)


Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Wardlow Lane
Malcolm Quick
Roger Tyler
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant