

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 8, 1970

Honorable Clay Cotten
Commissioner of Insurance
1110 San Jacinto Street
Austin, Texas

Opinion No. M-550

Re: Eligibility of certain
employers for statutory
workmen's compensation
insurance.

Dear Mr. Cotten:

You have requested the opinion of this office with regard to the above question. In this connection you have provided the following information:

"Art. 8309, V.A.T.S., a part of the basic Workmen's Compensation Law, defines 'employer' as any person, firm, partnership, association of persons or corporations, or their legal representatives that make contracts of hire. Art. 8306, Sec. 2, excepts from the applicability of the Workmen's Compensation Law (1) domestic servants, (2) farm laborers, (3) ranch laborers, (4) employees of any firm, person or corporation having in his employ less than three employees, and (5) employees of any person, firm or corporation operating any steam, electric, street or interurban railway as a common carrier.

"Apparently the original law, by definition or otherwise, was intended to have applicability in the private business sector only, but the following categories of public employees became eligible for Workmen's Compensation coverage at the times and under the statutes hereinafter enumerated: (1) employees of Texas A. & M. College (1931), Art. 8309b, V.A.T.S.; (2) employees of The University of Texas (1931), Art. 8309d, V.A.T.S.; (3) employees of Texas Technological College (1931), Art. 8309f; (4) employees of counties (1949), Art. 8309c; (5) employees of municipalities (1953), Art. 8309e; (6) employees of independent school districts (1965), Art.

-2621-

8309e-1; and (7) employees of certain drainage districts (1967), Art. 8309c-1.

"Because of the above statutes, the Workmen's Compensation Section of the State Board of Insurance has regarded public employees as being eligible for Workmen's Compensation coverage only if they come within one of the categories enumerated in the next preceding paragraph. Also, in the private business sector, employees of those employers coming within the exceptions enumerated in Art. 8306 were regarded as ineligible for this coverage.

"Although it is recognized that the Workmen's Compensation Law is not compulsory as to any employer, yet eligibility coupled with failure to obtain this coverage would result in the loss of certain common law defenses. To describe insurance having this effect, the Workmen's Compensation Section commonly uses the term 'statutory.' The term 'voluntary' or 'V.C.' is commonly used by the Workmen's Compensation Section to describe coverage bought by employers who do not come under the Act. Administratively, we must make a distinction between 'statutory' and 'voluntary,' since the coverage and premiums are not uniform as between the two; and it is for this reason that we request the advice of your office as to whether the coverage of certain employers is to be regarded as 'statutory' or 'voluntary' as we have previously defined those terms.

"We are aware of the Court's holding in the case of Virgil A. Dillard vs. Nueces County Navigation District No. 1 Terminal Drainage Project, 214 F.Supp. 868. Although this case was decided in 1963, as we have hereinbefore noted the Legislature subsequently enacted specific laws which would make the employees of independent school districts and the employees of certain drainage districts eligible for coverage. If, under the decision of the Federal Court, such districts were already eligible, we are unable to understand the necessity for this legislation. There is still no specific statute making the employees of navigation districts eligible for this coverage. In

any event, for our administrative purposes, we
have continued to regard navigation districts,
port authorities, housing authorities, river
authorities, and in fact all other political sub-
divisions as having purchased 'voluntary' cover-
age if they did not fall within one of the
categories of employers made specifically eli-
gible to purchase Workmen's Compensation coverage
by statute.  Likewise, we have continued to re-
gard private employers as purchasers of 'volun-
tary' coverage, if such employers fell within
one of the exceptions of Art. 8306, V.A.T.S.

"In 1967, the 60th Legislature enacted
House Bill 680, which was published as Sec. 18
of Art. 8308, V.A.T.S.  This law seems to make
any employer eligible to purchase Workmen's
Compensation coverage with one exception only.
The exception is any employee or classification
of employees for whom a rule of liability or a
method of compensation has been established or
may be established by the Congress of the United
States.

"All premises considered, we respectfully
request your instructions as to which, if any,
employers, either in the private business sector
or in the public employment sector, may still be
regarded as having purchased 'voluntary' compen-
sation insurance as opposed to 'statutory' compen-
sation insurance."

In City of Tyler v. Texas Employers Insurance Association,
288 S.W. 409 (Comm.App. 1926), the Court stated that the Legis-
lature was without constitutional power to authorize cities and
towns to provide workmen's compensation insurance for their em-
ployees, and this principle of law was applicable to other politi-
cal subdivisions of the State.  Subsequent to the City of Tyler
case, various constitutional amendments to the Constitution of
Texas have been adopted, removing from the Constitution the pro-
hibition relied on by the Court.  The following constitutional
amendments authorize the Legislature to pass laws for workmen's
compensation coverage for certain designated employees, to-wit:
Article III, Section 59, for State employees (1936); Article III,
Section 60, for county and other political subdivision employees
(1948 and 1961); Article III, Section 61, for city, town and
village employees (1952).

In Dillard v. Nueces County Navigation District No. 1 Terminal Drainage Project, 214 F.Supp. 868, a claim by Dillard for workmen's compensation benefits was adjudicated. A "voluntary" (as the term is used in State Insurance Board administrative practice) workmen's compensation insurance policy had been purchased by the navigation district. After reviewing all of the Texas case law available the Court concluded that:

> ". . . a navigation district may become a subscriber for workmen's compensation insurance for its employees, provided it does so in an old line legal reserve company."

Our research reveals that pursuant to such decision, the Texas Industrial Accident Board took jurisdiction of the claim in the above case and has consistently thereafter to this date taken jurisdiction of workmen's compensation claims of employees of such political subdivisions, and its administrative practice and construction of the law supports that of the Texas Insurance Commission to the effect that the purchase of such insurance is "voluntary" coverage as opposed to "statutory" compensation insurance, as those terms are used in State Insurance Board administrative practice. This office is in agreement with that construction, which will be given great weight by our courts. Humble Oil and Refining Co. v. Calvert, 414 S.W.2d 172 (Tex.Sup. 1967).

You are accordingly advised that navigation districts, water districts and river authorities which provide workmen's compensation benefits under the principle of law announced in the Dillard case may be regarded as having purchased "voluntary" compensation insurance as opposed to "statutory" compensation insurance, as the term "voluntary" and the term "statutory" is used in the State Insurance Board administrative practice. In the private sector, any employer who does not waive common law defenses for failure to provide workmen's compensation benefits must be designated as a "voluntary" purchaser in accordance with your administrative definitions.

### S U M M A R Y

Navigation districts, water districts and river authorities which provide workmen's compensation benefits as well as private employers who do not waive common law defenses for failure to provide workmen's compensation benefits, should be regarded as having purchased "voluntary" compensation insurance as opposed to "statutory" compensation insurance as the term "voluntary" and the

term "statutory" is used in the State Insurance
Board administrative practice.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Roger Tyler
Wayne Rodgers
Houghton Brownlee
Jay Floyd

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant