

# THE ATTORNEY GENERAL
## OF TEXAS

March 30, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Fred Toler
Executive Director
Commission on Law
   Enforcement Officer
   Standards and Education
1606 Headway Circle, Suite 100
Austin, Texas   78754

Opinion No. JM-878

Re: Whether the Texas Commission on Law Enforcement Officer Standards and Education is authorized to accept license applications for public security officers employed by the Port of Houston (RQ-1322)

Dear Mr. Toler:

You ask whether the Commission on Law Enforcement Officer Standards and Education may accept applications submitted by the Port of Houston Authority (the Authority) for licenses that would allow certain of the Authority's employees to act as "public security officers" as defined in article 4413(29aa), section 6(h), V.T.C.S.[1] Because the Authority has no power to employ "public security officers," it has no authority to submit applications for licenses for such individuals.

The Authority, formerly known as the Harris County – Houston Ship Channel Navigation District, is a "navigation district" organized pursuant to article XVI, section 59, of the Texas Constitution. See generally Attorney General Opinion H-137 (1973) for a discussion of the origin and evolution of the Authority in the law. The Authority is a

---

1. Article 4413(29aa) has been repealed and codified in section 415 of the Government Code. Sections 6(c) and 6(h) of article 4413(29aa) were amended subsequent to the general codification of article 4413(29aa). The effectiveness of the amendments is not hindered by the action of the same legislature in providing for repeal of the statute precedent to its codification. Gov't Code §311.031(c).

political subdivision of the state. <u>Guaranty Petroleum Corporation v. Armstrong</u>, 609 S.W.2d 529, 530 (Tex. 1980); <u>Smith v. Harris County - Houston Ship Channel Navigation District</u>, 330 S.W.2d 672 (Tex. Civ. App. - Ft. Worth 1959, no writ). The Authority derives its powers from the constitution and the statutes governing the discharge of its duties. Attorney General Opinions Nos. JM-742 (1987); JM-258 (1984); and M-171 (1967).

The Authority may exercise only those powers that are expressly delegated to it or that are clearly implied from such express powers. <u>Tri-City Fresh Water Supply District No. 2 of Harris County v. Mann</u>, 142 S.W.2d 945, 946 (Tex. 1940); <u>Lower Nueces River Water Supply District v. Cartwright</u>, 274 S.W.2d 199, 207 (Tex. Civ. App. - San Antonio 1954, writ ref'd n.r.e.). Implied powers are those that are "<u>indispensable</u> to the accomplishment of the purpose" for which the political subdivision was created; powers "merely <u>convenient</u>" or "<u>useful</u>" cannot be implied and may not be assumed by the subdivision. <u>Tri-City Freshwater Supply District No. 2 of Harris County</u>, <u>supra</u>, at 947 (emphasis added).

In Attorney General Opinion No. JM-742 (1987) we considered whether the Authority may employ armed security guards who are not commissioned peace officers as defined in article 2.12 of the Code of Criminal Procedure, to perform law enforcement duties on its property. We concluded that the Authority is permitted to employ only commissioned peace officers:

> [T]he legislature specifies that law enforcement activities on the authority's property, and necessary to its functions, are to be carried out by commissioned peace officers, who are to act with all of the authority of a commissioned peace officer, such as a county sheriff or constable.

Attorney General Opinion No. JM-742 (1987). <u>See also</u> Water Code §60.077.

We are aware that the legislature has created a new class of potential licensees in the field of security personnel. A "public security officer" is "any person employed or appointed as an armed security officer by the state or by any political subdivision of the state," and all "public security officers" must be licensed. The provisions of article 4413(29aa) that apply to the

issuance or revocation of a license to a peace officer also apply to the issuance or revocation of a license for a public security officer. See generally Acts 1987, 70th Leg., ch. 758, §§2 and 3, amending article 4413(29aa), sections 6(c) and (h), V.T.C.S., to be codified in chapter 415 of the Government Code. The Commission has established permanent standards for the licensing of "public security officers" that are different, and less stringent, than those applicable to commissioned peace officers. See 37 T.A.C. §211.102 and compare 37 T.A.C. §211.77.[2]

The statute requiring public security officers to be licensed does not permit the Commission to act on the applications for licenses submitted by the Port of Houston Authority. Such would be the case if the Authority were permitted to employ "public security officers" for law enforcement purposes. The Authority is not permitted to do so, and nothing in the recent legislation requiring the licensing of public security officers grants to the Authority the power to use other than commissioned peace officers to enforce the law on its property. Because the Authority has no power to employ public security guards for law enforcement purposes, it has no power to submit applications to the Commission for the licensing of such personnel. Tri-City Freshwater Supply District No. 2, supra.

## S U M M A R Y

The Port of Houston Authority, a navigation district organized pursuant to article XVI, section 59, of the Texas Constitution, has no authority to employ public security officers for law enforcement purposes. Rather, the legislature specifies

---

2. The legislation which amended article 4413(29aa) to include a definition of "public security officer" and to require such personnel to be licensed initially contained language defining a "public security officer" as a "peace officer." See H.B. 559, 70th Legislature as filed by Representative Oakley. That language was removed prior to final passage.

that law enforcement activities on the Authority's property, and necessary to its functions are to be carried out by commissioned peace officers.   Water Code §60.077.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General