## HODGE v. LOWER COLORADO RIVER AUTHORITY.

### No. 9109.

Court of Civil Appeals of Texas. Austin.

June 17, 1942.

Rehearing Denied July 8, 1942.

Walter Greig and Cofer & Cofer, all of Austin, for appellant.

W. S. Gideon, of Austin, for appellee.

BAUGH, Justice.

Appeal is from an order of the District Court sustaining a general demurrer to plaintiff's petition and dismissing the suit upon plaintiff's refusal to amend.

The plaintiff sued the Lower Colorado River Authority, hereafter designated as the Authority, for damages for personal injuries, predicated upon negligence, sustained by him as an employee in the construction by the Authority of the dam across the Colorado River at Austin. While other points are briefed it is clear, we think, that the trial court's action was based on the grounds that the defendant was not liable for the torts of its agents and employees. It is not controverted that it could be sued without specific legislative consent. The act of the Legislature creating such Authority so provides. See, also, Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629.

Appellant's theory of liability for the damages sought is that the appellee was, at the time he was injured, engaged in a proprietary enterprize, and not in a governmental capacity, and as to that its liability is referable to the rules of decision applicable to cities, towns and similar municipalities; and not to those relating to counties and other state agencies, governmental in nature, immune from such liability.

Appellant alleged that appellee had leased from the City of Austin the Austin dam with its power facilities for a period of 30 years under a contract that it would reconstruct said dam, use it and the power plant to produce hydroelectric power and sell same to the City for power and lighting purposes; that such a use was proprietary and not governmental in character; and that consequently the liability of the Authority is referable to the nature and character of that undertaking.

It seems now settled that a city is immune from liability for torts of its agents and employees when acting in a public or governmental capacity; but liable where such torts occur in the discharge of some function private or proprietary in character. And the furnishing to its inhabitants of water and lights by a city, or maintaining its streets, have been held to be proprietary. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am.Rep. 517; City of Greenville v. Branch, Tex.Civ. App., 152 S.W. 478, writ refused; City of Wichita Falls v. Lipscomb, Tex.Civ.App., 50 S.W.2d 867, writ refused. See, also, annotation in 120 A.L.R. p. 1376. It is equally well settled, however, that a county is a governmental agency and as such is immune from liability for all torts, just as is the State itself, unless such liability is created by statute. The distinction between the two types of public corporations is fully discussed and clearly drawn in City of Galveston v. Posnainsky, supra, and by Judge Phillips in Bexar County v. Linden, 110 Tex. 339, 220 S.W. 761. See, also, Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139. Immunity from liability is therefore referable not only to the character of the function performed, but also to the character of the corporation itself, and the purposes for which it was created.

Appellee was created as a conservation and reclamation district under and by virtue of Chap. 7, Acts 4th Called Session of the 43rd Legislature, Vernon's Ann. Civ.St. following article 8197f, and under authority of Sec. 59(a), Art. 16 of the Constitution of Texas, Vernon's Ann.St. It is unnecessary to set out at any length the provisions of that act or of the constitutional provisions here. A full statement of the pertinent provisions may be found in the opinion of the Supreme Court in Lower Colorado River Authority v. McGraw, 83 S.W.2d 629, to which we refer. This section of the Constitution authorizes and provides for numerous kinds of such districts, many of which have been created, as disclosed by Title 128, Chaps. 2 to 8 of Vernon's Ann.Civ.Stats. The act creating appellee district provided, among other things, that such district "shall be and is hereby declared to be a governmental agency and body politic and corporate, with the powers of government," etc.; that its creation was essential "to the accomplishment of the purposes of Section 59 of Article 16 of the Constitution * * *,"

including the "control, storing, preservation and distribution of the waters of the Colorado River * * * for * * * power and other useful purposes * * * and the conservation and development of the forests, water and hydro-electric power of the State of Texas"; all of which are declared by Sec. 59 of Art. 16 of the Constitution to be "public rights and duties." Thus the Constitution and the act of the Legislature determine and define the character of agency so created. And that character is referable to the purposes of its creation, and the rights, powers and duties imposed upon it; and is not determined by manner in which it discharges those duties in a particular instance. The building of the Austin dam was, in keeping with the legislative act creating the Authority, and so far as appellee was concerned, not purely for the purpose of generating electric power for the City of Austin; but was one of the authorized methods adopted by appellee to conserve and utilize a natural resource of the State for hydroelectric power for a public use. The building of the dam as a step in the conservation of a natural resource is an entirely different matter from a particular sale of the power subsequently to be generated by it after its completion. In the former, regardless of the latter, the district acted in a governmental capacity for a public purpose, one in which all the public, and not merely the inhabitants of the City of Austin, were interested.

We shall not undertake to discuss the many authorities cited and urged by appellant as controlling. In the main they are to the effect that when a city or other similar corporate body acts in a proprietary and not a strictly governmental capacity, it is liable in tort. And particularly does appellant rely upon the case of Cameron County Water Improvement District No. 1 v. Whittington, 297 S.W. 868, wherein the Court of Civil Appeals at San Antonio likened such district to a municipal corporation and held it liable in tort. No application for writ of error appears to have been made in that case. The holding in that case, if applicable here, was, we think, clearly overruled in Jones v. Jefferson County Drainage Dist., Tex.Civ.App., 139 S.W.2d 861, 862, writ refused, followed in Peters v. Matagorda County Drainage Dist. No. 1, Tex.Civ.App., 146 S.W.2d 779, 780, writ refused, wherein the court held that such districts, created under Sec. 59(a) of

Art. 16 of the Constitution, "are political subdivisions of the state of the same nature and stand upon exactly the same footing as counties, or precincts, or any of the other political subdivisions of the state"; and consequently are immune from liability for torts of their agents and employees. Since all of such districts,—and several different kinds are so authorized, —created under this section of the Constitution are all designed to effectuate the same objectives, that is, the conservation and utilization of the natural resources of the state in which all the public are interested, they must all logically fall into the same category on the question of immunity from liability for torts.

However cogent and persuasive the cases cited and the arguments made by appellant may be, we conclude that this case is ruled by the Jones and Peters cases above cited, approved by the Supreme Court by refusal of writs of error; that further consideration of the issue involved would serve no useful purpose; and that those cases must be followed here.

The judgment of the trial court is therefore affirmed.

Affirmed.