WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1 ET AL V. W. F. ABENDROTH.

No. 8204. Decided February 9, 1944.
Rehearing overruled March 8, 1944.
(177 S. W., 2d Series, 936.)

*Sawnie B. Smith,* of Edinburg, *Strickland, Swers* and *Wilkins* and *J. E. Wilkins,* of Mission, for petitioners.

*Paul G. Greenwood,* of Harlingen, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case presents for decision the question whether petitioner Willacy County Water Control & Improvement District No. 1, which was created under the provisions of Article XVI, Section 59a, of the Texas Constitution, and Title 128, Chapter 3-A, Articles 7880-1 to 7880-147z, inclusive, Vernon's Annotated Civil Statutes, Acts 1925, 39th Leg., Ch. 25, p. 86 et seq., is subject to garnishment.

W. F. Abendroth, a judgment creditor of W. A. Harding, applied for a writ of garnishment against Willacy County Water Control & Improvement District No. 1. The writ issued, and exceptions to the writ, to the effect that the District is exempt from garnishment by reason of being a body corporate and politic and a political subdivision of the State of Texas, were sustained by the trial court. From a judgment of dismissal Abendroth appealed to the Court of Civil Appeals at San Antonio. The judgment was reversed and the cause remanded. 175 S. W. (2d) 90.

The District excepted to the writ of garnishment on the ground that under the law it was exempt from garnishment pro-

ceedings, and, subject to the exception just mentioned, it further answered. If the District is not subject to garnishment, then the trial court correctly held that it was exempt from answering the writ of garnishment, and the other questions become immaterial.

The Court of Civil Appeals took the view that the case of City of Laredo v. Nalle, 65 Texas 359, controls this case. In that case Chief Justice Willie held that cities are subject to garnishment, in the absence of a statute exempting them. In the later case of City of Sherman v. Shobe, 94 Texas 126, 58 S. W. 949, 86 Am. St. Rep., 825, this Court, speaking through Judge Gaines, doubted the soundness of the decision in City of Laredo v. Nalle, supra, but did not deem it necessary to disturb it in holding that a county is not subject to garnishment. Without expressing any opinion as to the soundness of the decision in City of Laredo v. Nalle, supra, we think that the Court of Civil Appeals erred in holding that this petitioner is subject to a writ of garnishment.

Section 59a of Article XVI of the Constitution autuhorized the creation of Water Control and Improvement Districts. After providing that the Legislature shall pass all such laws as may be appropriate for the conservation and development of all the natural resources of this State, and particularly describing the details of what may be done, it contains the following language:

"(b) There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law."

A validating Act, enacted by the 41st Legislature in 1929, p. 609, Article 788-147c, Vernon's Annotated Civil Statutes, declared Water Control and Improvement Districts organized under certain provisions of law "to be valid and existing govermental agencies and bodies politic." Public policy exempts political subdivisions of the State performing governmental functions from execution or garnishment proceedings. A county has been held not subject to an execution or garnishment proceeding. City of Sherman v. Shobe, 94 Texas 126, 58 S. W.

949, 86 Am. St. Rep. 825; Herring-Hall-Marvin Co. v. Bexar County (Tex. Civ. App.), 16 Texas Civ App. 673, 40 S. W. 145 (writ refused). In the absence of statutes providing otherwise, the authorities almost universally announce the same rule. 38 C. J. S., p. 238, sec. 39c(2). In Buchanan v. Spencer Lumber Co. (Tex. Civ. App.), 134 S. W. 292, it was held that school districts, school boards, and the like, are not subject to garnishment. In Peyton Creek Irrigation District v. White (Tex. Civ. App.), 230 S. W. 1060 (writ refused), it was held that no execution could issue against the District. Irrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Section 50a of Article XVI of the Constitution, and statutes enacted thereunder carrying out the purposes of such constitutional provision, are not classed with municipal corporations, but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law. Harris County Flood Control District v. Mann, 135 Texas 239, 140 S. W. (2d) 1098; Wharton County Drainage District No. 1 et al v. Higbee et al (Tex. Civ. App.), 149 S. W. 381 (writ refused) ; Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. State (Tex. Civ. App.), 21 S. W (2d) 747 (writ refused) ; Engleman Land Co. et al v. Donna Irrigation District No. 1 et al (Tex. Civ. App.), 209 S. W. 428 (writ refused) ; Arneson v. Shary et al, 32 S. W. (2d) 907, appeal dismissed, 284 U. S. 592, 52 S. Ct. 202, 76 L. Ed. 510; Harris County Drainage District No. 12 v. City of Houston (Tex. Com. App.), 35 S. W. (2d) 118, 120; 44 Tex. Jur., p. 262, sec. 176.

The Constitution and the statutes declare a water control and improvement district to be a governmental agency, and the Legislature has passed no law that provides that such a district is subject to garnishment. The main reason advanced for exempting such districts from being made garnishees rests largely on public policy. These districts are created to perform work denominated public rights and duties defined by the Constitution, and it would be against sound public policy to allow the performance of these functions to be impaired or impeded by garnishment proceedings in which the district has no interest. If the Legislature contemplated such a result, it should have made its intention plain, and this Court will not imply that intention. The great weight of authority holds that agencies like the one involved here are exempt from being held as garnishees. 4 Amer. Jur., p. 643, sec. 144; 38 C. J. S., pp. 235-240, secs 39, 40,

It may be conceded that in some instances injustices may be wrought by holding that districts like the one involved here are exempt from garnishment. However, the Constitution and the statutes have declared them to be governmental agencies, clothed with certain governmental powers; and to hold now, in the face of the great weight of authority to the contrary, that they are subject to garnishment, would clearly be against public policy. A holding that districts like the one under consideration are not subject to garnishment is in conformity with the great weight of authority, and the justice of such holding will far outweigh any injustice which may result therefrom. We therefore hold that the district under consideration is not subject to garnishment.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered February 9, 1944.

Rehearing overruled March 8, 1944.