**BENNETT et ux. v. BROWN COUNTY WATER IMPROVEMENT DIST. NO. 1.**

No. 3036.

Court of Civil Appeals of Texas.

Eastland.

Oct. 16, 1953.

Rehearing Denied Nov. 6, 1953.

Mark Callaway, Brownwood, for appellants.

J. C. Darroch, Brownwood, for appellee.

GRISSOM, Chief Justice.

Jesse H. Bennett and wife sued Brown County Water Improvement District Number One for damages caused by the death of their minor son, Norman Eugene Bennett, who was drowned when he fell into defendant's irrigation ditch and was drawn into a conduit which carried the water under a railroad's tracks. They alleged the District was incorporated under the laws of Texas applicable to water improvement districts for the purpose of storing and impounding water in Lake Brownwood and furnishing it to Brownwood, and for the distribution of water and irrigation of land in the District, for profit to said District and for the benefit of landowners in the District, and, for such purposes, had constructed and were maintaining irrigation ditches and conduits to carry water from Lake Brownwood to farms under irrigation in the District; that the water passing through the conduit where their son was drowned was used for sale to landowners of the District for irrigation purposes for profit to the District and for the benefit of the landowners; that the open irrigation ditch was 3½ feet deep and 6½ feet wide, rounded at the bottom and lined with cement; that where their son was drowned the conduit, into which the irrigation ditch flowed, was a pipe 42 inches in diameter extending underground 1,200 feet; that about 9 feet from the place where the ditch entered the conduit there was a dip of about 3 feet, so that the water at the mouth of the conduit was deeper than in the ditch; that on account of this construction, the water flows swiftly and there is a suction at the entrance of the conduit; that the dangerous character of the entrance was not apparent to ordinary persons; that many families reside in the vicinity and children had long been accustomed to playing and fishing there; that it was unusually attractive to children; that children were permitted to play and fish there without warning of the danger of being sucked into the conduit; that the District's agents and employees knew, or should have known, of said condition and that no measures had been taken to prevent children from falling into the canal and being drawn into the conduit and drowned; that their child was sucked into said conduit and drowned as a result of the negligence of defendant's agents and employees. The District moved that plaintiffs' case be dismissed because the petition showed the District was organized and incorporated under the Constitution and laws of Texas as a water improvement district, created for the purposes heretofore stated as being alleged by plaintiffs, and that in operating and maintaining the irrigation canal and conduit it was discharging governmental function as an agency of the State in carrying out the public rights and duties imposed on it by law and for which it was created. That, therefore, the petition disclosed the District was not liable for the negligence of its agents and employees in the maintenance and operation of said canal and conduit. The court sustained the motion and dismissed the case. The Bennetts have appealed.

The controlling question is whether the Water Improvement District is a governmental agency and was acting as such in so constructing and maintaining its irrigation ditch and conduit. If so, the District is not liable.

Our Supreme Court in Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth, 142 Tex. 320, 177 S.W.2d 936, 937, reversed a decision that such a district was in the same position as a city and subject to garnishment. It said that a water control and improvement district, irrigation districts, and like political subdivisions, created under Section 59(a), Article XVI, Constitution of Texas, Vernon's Ann.St., and the statutes enacted thereunder to carry out the purposes of that

constitutional provision, are not classed with cities, "but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law." It further said:

"The Constitution and the statutes declare a water control and improvement district to be a governmental agency, and the Legislature has passed no law that provides that such a district is subject to garnishment."

The defendant District was created under Section 59(a), Article XVI, Constitution of Texas, and statutes enacted thereunder to carry out its purposes. Said section declares that the storing, preservation and distribution of water for irrigation is a public right and duty. It provides for the creation of such districts as the defendant, "which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law." Art. 16, Sec. 59(b), Constitution of Texas. Article 7466, Revised Statutes, is to the same effect. In doing the things which caused the injury complained of the District was distributing water for irrigation, an act declared by the Constitution and statutes to be a public right and duty. It is a political subdivision of the State and was performing a governmental function, and it stands on the same footing as a county. Hodge v. Lower Colorado River Authority, Tex.Civ.App., 163 S.W.2d 855, 857, Writ Ref.; Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth, 142 Tex. 320, 177 S.W.2d 936, 937. Appellants concede that such districts possess certain functions which are governmental but contend the acts complained of, the construction and operation of the irrigation ditch and conduit was not a governmental function, but proprietary, and that it was operated for the profit of the District and benefit of the landowners in the Irrigation District. We cannot agree with this contention. We think that in doing the acts complained of the District was acting in a governmental capacity for a public purpose. On a hearing of the motion to dismiss, it was admitted that at the time and place the boy was drowned the water was flowing through the canal "for the purpose for which the District was created" and that the canal was constructed in accord with the plans and specifications of reputable engineers. The Constitution and statutes declare that the distribution of water for irrigation is a public right and duty and they declare such districts to be governmental agencies. The District was not responsible for damages caused by the negligence of its agents and employees. Jones v. Jefferson County Drainage Dist. No. 6, Tex.Civ.App., 139 S.W.2d 861, 862, Writ Ref.; Peters v. Matagorda County Draining Dist. No. 1, Tex.Civ.App., 146 S.W.2d 779, 780, Writ Ref.; 2 A.L.R.2d 707, 708; Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 83, 130 A.L.R. 1053; Hodge v. Lower Colorado River Authority, Tex.Civ.App., 163 S.W.2d 855, 857, Writ Ref.

Many of the cases cited by appellant are not applicable because they are suits for taking, damaging or destroying private property, which is prohibited by Article 1, Section 17, Constitution of Texas, without the payment of adequate compensation. No decision to the contrary has been approved by the Supreme Court. In Jones v. Jefferson County Drainage Dist. No. 6, Tex.Civ. App., 139 S.W.2d 861, 863, Writ Ref., the court said:

"We overrule appellant's contention that injury to his person 'was a taking or damaging or destroying his property for public use without adequate compensation being made, thereby being a violation of Article 1, section 17, of the Constitution of the State of Texas.' This contention is denied by the authorities cited above, holding that counties are not liable for injuries resulting from the negligence of their agents."

The judgment is affirmed.