**Harvey SEARS and A. B. Telchik, Appellants,**

v.

**COLORADO RIVER MUNICIPAL WATER DISTRICT, Appellee.**

**No. 4583.**

Court of Civil Appeals of Texas, Eastland.

Nov. 17, 1972.

Rehearing Denied Dec. 8, 1972.

Huff & Bowers, Mike Millsap, Lubbock, for appellants.

Little & Little, Jack Little, Big Spring, for appellee.

WALTER, Justice.

The plaintiffs Sears and Telchik filed suit against Colorado River Municipal Water District for damages resulting from a fire that the water district started on lake property. Plaintiffs alleged six acts of negligence which they say were a proximate cause of their damages. They also alleged that the water district created and maintained a nuisance, to-wit, a fire which caused their damages. The trial court held the water district was a governmental subdivision and, as such, governmental immunity was a complete defense to the plaintiffs' cause of action and rendered summary judgment in favor of the water district and the plaintiffs have appealed.

█ They contend the court erred in rendering a summary judgment because the district waived its defense of governmental immunity and was estopped to assert it because it had entered into a contract of public liability insurance which provided for coverage for damages such as those suffered by these plaintiffs. We find no merit in this point of error.

The water district was created by Article 8280–137 by virtue of Article XVI, Section 59(a) of the Texas Constitution, Vernon's Ann.St. In Bennett v. Brown County Water Imp. Dist. No. 1, 153 Tex. 599, 272 S.W.2d 498, our Supreme Court said:

"The following cases thoroughly discuss the nature and characteristics of the Lower Colorado River Authority, which has been created under Article XVI, Section 59a, and hold that such Authority is a governmental agency, a body politic and possessed of the characteristics and nature as the State and its governmental subdivisions."

In Hodge v. Lower Colorado River Authority, 163 S.W.2d 855 (Tex.Civ.App.—Austin 1942; Dism.Agr.), the Court said:

"The holding in that case, if applicable here, was, we think, clearly overruled in Jones v. Jefferson County Drainage Dist., Tex.Civ.App., 139 S.W.2d 861, 862,

writ refused, followed in Peters v. Matagorda County Drainage Dist. No. 1, Tex. Civ.App., 146 S.W.2d 779, 780, writ refused, wherein the court held that such districts, created under Sec. 59(a) of Art. 16 of the Constitution, 'are political subdivisions of the state of the same nature and stand upon exactly the same footing as counties, or precincts, or any of the other political subdivisions of the state'; and consequently are immune from liability for torts of their agents and employees. Since all of such districts,— and several different kinds are so authorized,—created under this section of the Constitution are all designed to effectuate the same objectives, that is, the conservation and utilization of the natural resources of the state in which all the public are interested, they must all logically fall into the same category on the question of immunity from liability for torts."

The record conclusively shows on the date of the fire the water district had a policy of public liability insurance and that the policy did not contain a waiver of the district's governmental immunity. In Watkins v. Southcrest Baptist Church, 399 S.W.2d 530, our Supreme Court said:

"The procuring of an indemnity insurance policy is not a mere empty gesture. On the record before us, we may as well assume that the premium rates on indemnity policies issued to charitable institutions are based upon their limited tort liability as to presume the contrary. However, the all important factor is that the procuring of indemnity insurance cannot create liability where none exists in the absence of such insurance. We do not have a case here wherein an insurance company has contractually rendered itself directly liable to one who suffered injury, regardless of whether or not the charitable institution is liable for such injury under the law."

See also Texas Prison Board v. Cabeen, 159 S.W.2d 523 (Tex.Civ.App.—Beaumont 1942, no writ hist.) and Jones v. Texas

Gulf Sulphur Co., 397 S.W.2d 304 (Tex. Civ.App.—Houston 1965, Ref. n. r. e.).

In Chief Justice Greenhill's concurring opinion in the Watkins' case, there is some indication that the court may abolish the governmental immunity doctrine. Strong arguments have been made for and against the doctrine of governmental immunity. Likewise valid arguments have been made in support of and against the estoppel theory when a public liability policy has been purchased by the governmental agency. Neither the abolition of the governmental immunity doctrine nor the estoppel theory have been approved by our Supreme Court in a case such as this.

Plaintiffs also sought to recover against the water district by pleading that it created and maintained on its property a nuisance of an inherently dangerous nature, to-wit, a grass fire which escaped and spread to their property.

In Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70, the Supreme Court had before it a case in which Weber had received permission from the Legislature to bring suit against the State. A fire started by employees of the Highway Department spread to Weber's field and burned his hay crop. The trial court concluded that the damages could not have resulted except from some unauthorized negligent act or omission and because the damage was necessarily the result of negligence and that there was no taking, damaging or destroying of property within the meaning of Article 1, Section 17 of the Constitution of the State of Texas and rendered judgment for the defendant. The Court of Civil Appeals reversed and rendered judgment for Weber. In reversing the judgment of the Court of Civil Appeals and affirming the judgment of the trial court, the Supreme Court said:

"The essential element that must exist in order for a taking of private property to be compensable is that the property must be taken for, or applied to, a public use. One hardly would contend in cases where by reason of the negligent performance of his duties by an agent of the state a person has suffered the loss of his life or damage to his person, that the state would be responsible in damages by reason thereof. Gotcher v. State, Tex.Civ. App., 106 S.W.2d 1104. . . . Manifestly, it was not intended that where private property has been damaged or destroyed through the tortious conduct of the state's agents in the performance of their official functions the state should be suable."

In Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth, 142 Tex. 320, 177 S.W.2d 936, the Supreme Court said:

"Irrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Section 59a of Article XVI of the Constitution, and statutes enacted thereunder carrying out the purposes of such constitutional provision, are not classed with municipal corporations, but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law."

■ The water district is a political subdivision of the State and "standing upon the same footing as counties" therefore, the nuisance cases against municipalities are not in point here.

■ In Gonzalez v. City of El Paso, 316 S.W.2d 176 (Tex.Civ.App.—El Paso 1958, no writ hist.), the Court said:

"It has often been held that a negligence case cannot be converted into a nuisance merely by so pleading."

The plaintiffs' negligence case was not converted into a nuisance case merely by pleadings.

We have examined all of appellants' points and find no merit in them.

The judgment is affirmed.