**DELTA COUNTY LEVEE IMPROVEMENT DISTRICT NO. 2 et al., Petitioners,**

v.

**Obie P. LEONARD, Jr., et al., Respondents.**

No. B–4590.

Supreme Court of Texas.

Dec. 4, 1974.

Rehearing Denied Jan. 15, 1975.

Hardy Moore, Paris, for petitioners.

Shannon, Gracey, Ratliff & Miller, Eugene J. Dozier and Kleber C. Miller, Fort Worth, for respondents.

DENTON, Justice.

Obie P. Leonard, Jr. and others brought this suit seeking a writ of mandamus requiring Delta County Levee Improvement District No. 2 and its supervisors to assess, levy or collect delinquent taxes or new taxes so that the judgment liens against the district that are held by the plaintiffs can be satisfied. The trial court entered judgment based on jury findings for the levee improvement district and refused the application for the writ of mandamus. This judgment was reversed and remanded by the court of civil appeals with instructions to issue a writ of mandamus requiring the assessment and collection of taxes sufficient to pay the judgment liens. 507 S.W. 2d 333. We affirm the judgment of the court of civil appeals.

The opinion of the court of civil appeals fully states the facts, and we shall state them only briefly. Delta County Levee Improvement District No. 2 was created in 1919 and issued $120,000.00 worth of bonds for the construction and maintenance of levees and other improvements. Neither the principal nor interest on these bonds was paid at maturity and several judgments were subsequently taken against the district. These judgments, abstracts of which were properly issued, recorded and indexed, were ultimately assigned to the plaintiffs.

When this suit was instituted by the judgment lien holders on August 20, 1971, the levee improvement district contended that the judgments on which the action was based had become dormant. There is no question that executions in accordance with Article 3773, Vernon's Ann.Tex.Rev. Civ.Stat., were actually obtained in the case of each judgment within 10 years after rendition, and subsequent executions were obtained within 10 years after the preceding execution, all of which were returned nulla bona. Based on these facts, the plaintiffs assert that the judgment liens in question have been kept alive in that they have complied with the only method provided by statute in Texas to keep a judgment from becoming dormant.

Public policy exempts political subdivisions of the state performing governmental functions from execution or garnishment proceedings. National Surety Corp. v. Friendswood Independent School District, 433 S.W.2d 690 (Tex.1968); Willacy County Water Control & Improvement District v. Abendroth, 142 Tex. 320, 177 S.W.2d 936 (1944). Levee and improvement districts and similar entities created under Section 59(a) of Article XVI of the Texas Constitution, Vernon's Ann. Stat., fall within the category of political subdivisions of the state performing governmental functions and are likewise not subject to execution. Willacy County Water Control & Improvement District v. Abendroth, *supra*.

Mandamus is the proper remedy by which the judgments can be enforced against a political subdivision of the state. National Surety Corp. v. Friendswood Independent School District, *supra*. Through such means the political subdivision can be directed to levy and collect sufficient taxes to satisfy judgments outstanding against the entity when there are not sufficient funds on hand. City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542 (1905); Voorhies v. City of Houston, 70 Tex. 331, 7 S. W. 679 (1888).

Because of the status of the levee improvement district as a political subdivision and thereby not being subject to execution, the defendants argue that the writs of execution relied upon by the judgment lien holders were of no force or effect and

consequently the judgments are dormant. The act of issuing execution in this instance is assigned by the defendants as constituting a useless act. We do not agree that this reasoning is supported by the statutes and the available case law. As stated above, Article 3773, Vernon's Tex. Rev.Civ.Stat., provides that the only method the limitation period governing the validity of a judgment can be extended beyond 10 years is through the issuance of a writ of execution.

■ Although an execution is not the proper method of collecting on a judgment against a political subdivision, it is the means by which such a judgment can be kept alive to be subsequently enforced by a writ of mandamus. Article 3773 provides no other alternative. This conclusion can be inferred from the discussion of the facts in City of Austin v. Cahill, *supra*, 88 S.W. at 545. There the judgments against the City of Austin were not considered to be dormant because executions thereon had been duly issued and returned nulla bona before the 12-month limitation period then in effect; and the court allowed the judgments to be enforced without requiring their being revived through an action on the debt or resort to a writ of *scire facias*. Such a result is compatible with the rule that funds of a political subdivision may not be reached by its creditors through execution of a judgment. The facts in the City of Austin v. Cahill, *supra* and those of the instant case involve a situation where there were no funds available with which to satisfy the judgments and the executions were issued only for the purpose of keeping the judgment alive by the statutory means available. The effect upon the status of a judgment by an execution that was not enforceable was also the controlling question in Grissom v. F. W. Heitmann Co., 130 S.W.2d 1054 (Tex.Civ.App. —Galveston 1939, writ ref'd). In that case a writ of execution was issued within 10 years of the issuance of the first writ, however, it was subsequent to the death of the judgment debtor upon whose estate no administration had been held. Under the statute then in effect, Article 3778, Vernon's Tex.Rev.Civ.Stat., subsequently superseded by Rule 625, Texas Rules of Civil Procedure, when a sole defendant dies after he has a money judgment entered against him, execution shall not issue upon that judgment for such is to be satisfied only through proof and payment in the due course of the administration of the debtor's estate. In view of this statute, the court in *Grissom* held that the writ of execution was inoperative to satisfy the judgment, however, the execution was sufficient to keep the judgment alive and prevent its dormancy.

■ The writs of execution in question here were delivered to the sheriff of Delta County with instructions to return them nulla bona. In each instance some small investigation was made by the sheriff as to whether or not the district had any property and upon finding no property, the writs were returned nulla bona. In allowing execution under the circumstances presented in this case, no violence is done to the definition of "issuance" as contemplated by prior decisions. *See* Carpenter v. Probst, 247 S.W.2d 460 (Tex.Civ.App.—San Antonio 1952, writ ref'd). The preparation and issuance of an execution to keep alive rather than to collect a judgment against a political subdivision still amounts to an unconditional delivery of the writ of execution.

■■ In the event that their argument that a single 10-year statutory period of limitation applies to writs of mandamus is not accepted, the levee improvement district contends that the circumstances of this particular case give rise to the defense of laches. The rule "equity follows the law" is well recognized and generally, in the absence of some element of estoppel or the like, the doctrine of laches will not bar an action before the limitation period has run. K & G Tool & Service Co. v. G & G Fishing Tool Service, 158 Tex. 594, 314 S. W.2d 782 (1958). It is undisputed that the

levee improvement district was attempting to work out a settlement with the plaintiffs for a number of years. Such continued recognition and acknowledgment of a right would not raise an issue of estoppel. Barfield v. Howard M. Smith Co., 426 S.W.2d 834 (Tex.1968). Furthermore, although the levee improvement district obtained a favorable jury finding to the effect that the delay in bringing this action was unreasonable, the district did not show that it had in good faith changed its position to its detriment as a result of the delay. City of Fort Worth v. Johnson, 388 S.W.2d 400 (Tex.1964).

The judgment of the court of civil appeals is affirmed.