Lynell Green ADDISON, Appellant,

v.

William A. ADDISON, Appellee.

No. 16551.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 4, 1975.

Ellis F. Morris, Houston, for appellant.

Wyckoff, Eikenburg, Dunn & Frazier, John J. Eikenburg, Stephen S. Mims, Houston, for appellee.

EVANS, Justice.

Appellant, Lynell Green Addison, obtained issuance of a writ of garnishment against Texas Southern University asserting a judgment indebtedness against her former husband, William A. Addison, in the amount of $400.00 as a result of an award entered in prior divorce proceedings. Appellee, William A. Addison, filed a motion to quash the writ of garnishment, averring that Texas Southern University is an agency of the State of Texas and therefore is exempt from garnishment. Texas Southern University did not file an answer to the writ of garnishment, but after hearing appellee's motion, the trial court quashed the writ of garnishment and ordered that all funds held by Texas Southern University by virtue of the writ be released.

We are required to take judicial notice of the public statutes of this state, including pertinent portions of the Constitution and statutes relative to the establishment and operation of state universities. *University of Texas v. Booker*, 282 S.W.2d

740, 742 (Tex.Civ.App.—Texarkana, 1955, no writ); McCormick & Ray, Texas Law of Evidence, Sec. 171, p. 180. Texas Southern University was established by the Texas legislature, pursuant to the mandate of Article VII, Sec. 10, of the Texas Constitution, as a branch of the University of Texas System of Higher Education. Tex.Educ. Code Ann., Title 3, Ch. 106, pp. 235–239. The government of Texas Southern University is vested in its board of regents appointed by the Governor with the advice and consent of the senate. Section 106.11. All expenditures of Texas Southern University are paid on warrants issued by the State Comptroller on vouchers approved by the appropriate officer of its board. Sec. 106.32.

■ Public policy exempts from garnishment or execution departments of the state which are performing governmental functions. *Delta County Levee Imp. Dist. No. 2 v. Leonard,* 516 S.W.2d 911, 912 (Tex. 1974); *National Sur. Corp. v. Friendswood Independent School Dist.,* 433 S.W.2d 690, 694 (Tex.1968); *Willacy County Water Control & Imp. Dist. No. 1 v. Abendroth,* 142 Tex. 320, 177 S.W.2d 936, 937 (Tex.1944). As a state institution, Texas Southern University and its board of regents are exempt from garnishment proceedings. *Splawn v. Woodard,* 287 S.W. 677, 681 (Tex.Civ.App.—Austin, 1926, no writ); *University of Texas v. Booker,* supra. Appellee had a direct interest in the proceedings and was entitled to attack the issued writ by motion to quash. *Cleveland v. San Antonio Bldg. & Loan Ass'n,* 148 Tex. 211, 223 S.W.2d 226, 229 (Tex.1949); Rule 664, Texas Rules of Civil Procedure.

Affirmed.