**Lou LOWTHER, Appellant,**

v.

**Mike FERNANDEZ, Jr., Appellee.**

**No. 04–83–00051–CV.**

Court of Appeals of Texas, San Antonio.

March 30, 1984.

Rehearing Denied May 7, 1984.

John M. O'Connell, San Antonio, for appellant.

J.A. Garcia, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

OPINION

CADENA, Chief Justice.

This is an appeal from an order of the district court denying the plaintiff Lou Lowther an injunction prohibiting certification of votes received by the defendant Mike Fernandez, Jr., in the November 2, 1982 general election for a position on the State Board of Education, and from failure to declare a vacancy in the office because of the defendant's ineligibility to hold the office. Plaintiff bases her appeal on section 11.22 of the Texas Education Code. She urges that since the defendant accepted employment for pay with the City Public Service Board of the City of San Antonio, on October 11, 1982, prior to the election, and continues in that employment, that he is ineligible to hold an office on the State Board of Education. We agree.

Section 11.22 of the Education Code states in pertinent part:

No person shall be eligible for election to or serve on the board if he holds an office with the State of Texas or any political subdivision thereof, *or holds employment with or receives any compensation for services from the state or any political subdivision thereof* (except retirement benefits paid by the State of Texas or the federal government), or engages in organized public education activity.

This Court is asked to decide whether the City Public Service Board is a "political subdivision" of the State of Texas, so that employment with the City Public Service Board would render Mike Fernandez, Jr., ineligible to hold an office on the State Board of Education. We hold that the City Public Service Board of the City of San Antonio is a "political subdivision" of the State within the meaning of § 11.22(b) of the Texas Education Code. *See generally Fox Development Co. v. City of San Antonio,* 468 S.W.2d 338 (Tex.1971); *Norman v. City of San Antonio, By and Through City Public Service Board of San Antonio,* 467 S.W.2d 199 (Tex.Civ.App.1971). The intent of § 11.22(b) was to ensure that

the State Board of Education consist of independent citizens who would not be influenced by conflicting interests in approaching policy decisions. Op.Tex. Att'y Gen. No. MW–479 (1982). The City Public Service Board of the City of San Antonio is created by indenture, through a contract with bond-holders, and would not exist but for an ordinance of the City: it is a creature of the City. *See Cone v. City of Lubbock*, 431 S.W.2d 639 (Tex.Civ.App. 1968) (reviewing court takes judicial notice of city's home rule charter), City Code of San Antonio, Texas, City Charter §§ 102, 103. The bonds of the City Public Service Board are the bonds of the city. TEX. REV.CIV.STAT.ANN. arts. 1107, 1175. It is not relevant that the individual members of the City Public Service Board are not elected. *Centeno v. Inselmann*, 519 S.W.2d 889 (Tex.Civ.App.—San Antonio 1975, no writ). The Board owes its existence to the City of San Antonio. *San Antonio Independent School District v. City of San Antonio*, 550 S.W.2d 262 (Tex. 1976). It is an agency of the City, and an employee of an agency of the city is an employee of the City.[1] *Mireles v. Deer Run Properties, Inc.*, 616 S.W.2d 342 (Tex. Civ.App.—San Antonio 1981, no writ); *Board of Adjustment of City of Fort Worth v. Stovall*, 147 Tex. 366, 216 S.W.2d 171 (Tex.1949).

The trial court erred in failing to grant the relief sought by plaintiff below. We find that Mike Fernandez, Jr., was ineligible to be a candidate for election to the State Board of Education under section 11.-22 of the Texas Education Code. Accordingly, this Court is compelled to declare a vacancy for the office of member of the State Board of Education, for the 20th Congressional District.

The judgment of the trial court is reversed and rendered.

TIJERINA, Justice, dissenting.

I respectfully dissent. In my view the City Public Service Board of the City of San Antonio is not a "political subdivision" of the State. At issue is an interpretation of section 11.22 of the Texas Education Code Annotated (Vernon 1972) providing in pertinent part, as follows:

> No person shall be eligible for election to or serve on the board *if he holds an office* with the State of Texas or *any political subdivision thereof,* or holds employment with or receives any compensation for services from the State or any political subdivision thereof (except retirement benefits paid by the State of Texas or the Federal Government), or engages in organized public education activity.

Article 14.01 of the Election Code as amended and effective September 1, 1983, defines "Public Office" as any office created by or under authority of the laws of this state, *that is filled by the voters.* (Emphasis added). Does this amended statute now require all public officials serving a political subdivision of the State to be elected by the people? True, the City Public Service Board is a creature of the City of San Antonio ... but ... the fact remains that the City Public Service Board was created as an independent body, a self-governing body administered by a self-perpetuating

---

1. The City Charter of the City of San Antonio contemplated that employees of the City Public Service Board would be employees of the City. Article VI, § 69(g), Civil Service, excludes such employees as follows:

   > There shall be a classified civil service which shall include all appointive offices and employments in the administrative service and in other agencies and offices of the city, and all persons receiving compensation from the city for personal services, except the following: ... offices and employments and officers and employees ... of any board or authority ... under any statute of Texas or under any mortgage, indenture, or deed of trust.

   Further, section 46 of the City Charter, in detailing the powers and duties of the City Manager, specifies that:

   > ... he shall have the power and shall be required to ... appoint and remove all officers and employees in the administrative service of the city ... provided that he shall not appoint or remove officers and employees of: ... (b) any municipality-owned public utility, including electric, gas and water systems, while such utility is operating under the terms of any indenture, mortgage or deed of trust providing for employment by other authority.

board of trustees re-appointing their successors in office. There is no statute which imposes upon the City Public Service Board or the trustees thereof any State duty nor do they perform any governmental function for the State. *Willacy County Water Control and Improvement District No. 1 v. Abendroth,* 142 Tex. 320, 177 S.W.2d 936 (1944). In *Abendroth,* the Supreme Court stated:

> Irrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Section 59a of Article XVI of the Constitution, and statutes enacted thereunder carrying out the purposes of such constitutional provision, are not classed with municipal corporations, but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law. [Citations omitted.]

*Id.* 177 S.W.2d at 937. Thus, it would appear that a political subdivision is created only under the Constitution or by statutory law. The question that begs to be reconsidered was discussed by the dissent in *Crownhill Homes, Inc. v. City of San Antonio,* 433 S.W.2d 448, 481 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n.r. e.), as follows:

> But there is general agreement that the distribution of water by a municipality to its inhabitants for domestic and commercial uses is a private or proprietary function which in its exercise is subject to the rules applicable to private corporations.

To be distinguished would be the City Water Board where the board members are all appointed by the city council of the City of San Antonio. But, in the instant case the City Public Service Board is administered by a board of trustee, independent of the city council and without having to comply with section 14.01 of the Election Code. The majority's conclusion that an employee of the City Public Service Board is an employee of the City of San Antonio is again a matter that can be disputed for certainly the employees of City Public Service Board have not yet qualified for retirement benefits from the City of San Antonio. The source for payment of wages to city employees come from property taxes assessed by the city, whereas the employees of the City Public Service Board are paid from funds generated through the sales and services of utilities. Any constitutional or statutory provision which restricts the right to hold public office should be strictly construed against ineligibility. *Willis v. Potts,* 377 S.W.2d 622, 623 (Tex.1964).

I would affirm the judgment of the trial court.