

# THE ATTORNEY GENERAL
## OF TEXAS

January 11, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Steve Lilly
President, Board of Directors
Angelina & Neches River
 Authority
P. O. Box 387
Lufkin, Texas 75901

Opinion No. JM-1005

Re: Whether officials and employees of a river authority may be represented by the Attorney General in suits under Chapter 104 of the Civil Practice and Remedies Code (RQ-1524)

Dear Mr. Lilly:

You ask about chapter 104 of the Civil Practice and Remedies Code, section 104.001, which provides in part:

> In a cause of action based on conduct described in Section 104.002,[1] the state

---

1. Section 104.002 provides:

> The State is liable for indemnification under this chapter only if the damages are based on an act or omission by the person in the course and scope of the person's office, employment, or contractual performance for or service on behalf of the agency, institution, or department and if:
>
> (1) the damages arise out of a cause of action for negligence, except a wilful or wrongful act or an act of gross negligence; or
>
> (2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States, except when the court in its judgment or the jury in its verdict finds that the person

(Footnote Continued)

> shall indemnify the following persons for actual damages, court costs, and attorney's fees adjudged against:
>
> (1) an employee, a member of the governing board, or any other officer of a <u>state agency, institution, or department</u>;
>
> (2) a former employee, former member of the governing board, or any other former officer of a <u>state agency, institution, or department</u> who was an employee or officer when the act or omission on which the damages are based occurred;
>
> . . . .
>
> (5) the estate of a person listed in this section.    (Emphasis added.)

Subsection (a) of section 104.004 provides:

> (a) The attorney general shall defend a public servant or estate listed in Section 104.001 in a cause of action covered by this chapter.

As President of the Board of Directors of the Angelina Neches River Authority (ANRA) you ask:

> Will the Attorney General defend an individual, or the estate of an individual who is, or was, an employee or a member of the governing board of ANRA for an action described in Section 104.002 of the Code?

The focus of your inquiry, as indicated in your request, is whether ANRA is a "state agency, institution, or department" within the meaning of section 104.001. Should we find that ANRA is a "state agency, institution, or department" within the meaning of section 104.001, we would of course have to conclude not only that the attorney

---

(Footnote Continued)
> acted in bad faith, with conscious indifference or reckless disregard; or
>
> (3) indemnification is in the interest of the state as determined by the attorney general or his designee.

general has a duty to represent ANRA employees and officers under section 104.004, but also that the state might be liable for the indemnification of such employees and officers under section 104.001.

ANRA was created in 1935 as the "Sabine-Neches Conservation and Reclamation District" under article XVI, section 59, of the Texas Constitution. Acts 1935, 44th Leg., ch. 97, at 237. The creating act was amended in 1939 and 1945. Acts 1939, 46th Leg., ch. 8, at 1080; Acts 1945, 49th Leg., ch. 287, at 456. The name of the authority was changed to Angelina and Neches River Authority in 1977. Acts 1977, 65th Leg., ch. 394, at 1079.

You note that, while "state agency, institution, or department" is not defined for purposes of chapter 104, "state agency" is defined in the Texas Sunset Act, chapter 325 of the Government Code, to include certain river authorities. Gov't. Code §§ 325.002, 325.023.

River authorities have been held to be state boards or agencies under article XVI, section 30a, of the Texas Constitution which provides that members of certain boards may hold office for terms of six years. The provisions of section 30a for six year terms make an exception to the general restriction to two year terms for public officers under article XVI, section 30.

It had been held in San Antonio Indep. School Dist. v. State, 173 S.W. 525 (Tex. Civ. App. - San Antonio 1915, writ ref'd) that the boards, and members thereof, referred to in section 30a, were "state boards" and "state officers," and did not include a board of trustees of an independent school district. In Lower Colorado River Auth. v. McCraw, 83 S.W.2d 629 (Tex. 1935), a mandamus proceeding against the attorney general to compel him to approve a bond issuance of a river authority, it was objected that the act creating the river authority was unconstitutional because it provided for six year terms for members of the authority's board of directors. Finding section 30a the only possible constitutional authorization for such six year terms, and following the conclusion of San Antonio Indep. School Dist., supra, that section 30a referred to "state boards," the supreme court held that the provision for the six year directors' terms was constitutional under section 30a.

This conclusion was followed in Lower Neches Valley Auth. v. Mann, 167 S.W.2d 1011 (Tex. 1943), another mandamus proceeding to compel the attorney general to appeal a bond issuance of a conservation and reclamation district, where the objection to the six year terms of the authority's directors was raised.

Attorney General Opinion M-822 (1971) considered whether various river authorities and other water districts which had entered into a water pollution control compact constituted a "state agency" for purposes of a federal program wherein increased federal grants were to be made available for pollution control projects certified by the state or an agency of the state. The opinion concluded that the signatories of the water pollution control compact constituted a "state agency" for purposes of the requirements of the federal program.

Attorney General Opinion H-297 (1974) considered the provisions of former V.T.C.S. article 6252-9c, now chapter 305 of the Government Code, requiring registration by certain persons who sought to influence legislative action through lobbying activities. Those provisions exempted inter alia a member of the "executive branch" from the registration requirement, "member of the executive branch" being defined for purposes of the act as "an officer, officer-elect, candidate for, or employee of any state agency, department, or office in the executive branch of state government." See Acts 1985, ch. 479. § 1, at 1652, 1666. Acknowledging that "in other contexts 'state agency' may be limited to those agencies exercising power state-wide," the opinion concluded that for purposes of the lobby law under consideration, a river authority was a state agency, and its general manager was exempt from the registration requirement.

Other opinions of this office have, however, concluded that river authorities were not state agencies within the meaning of particular statutory provisions.

Attorney General Opinion V-569 (1948) ruled that none of various river authorities and other article XVI, section 59, conservation and reclamation districts -- including the Sabine-Neches Conservation District, the predecessor of ANRA -- was a "department, commission, institution or agency of the State Government" under the Employees' Retirement Act, and that their employees were thus ineligible for membership in the Employees' Retirement System. The opinion acknowledged that such districts had been held to be state agencies and their employees state employees "for certain purposes," citing Lower Colorado River Auth. v. McCraw, supra. However, the opinion concluded:

> [W]e believe that construing the Act as a whole, this and similar agencies and their employees were not intended to be covered by the Retirement Act for the reasons that the 50th Legislature contemplated only those 'employees of the State' whose duties relate

to state-wide activities with no intervening corporate entity or body between the State and the employee. In the case of conservation and reclamation districts the district is the employer much the same as counties are the employers of its [sic] employees and have control of their duties. The district controls the working hours of its employees and is responsible for the compensation due its employees.

Attorney General Opinion V-569 (1948) at 5.

Attorney General Opinion WW-202 (1957) addressed the question whether river authorities were state agencies within the meaning of section 3(b) of former article 6252-9, V.T.C.S. which provided:

If an officer or employee of a state agency, legislator or legislative employee is an officer, agent, or member of, or owns a controlling interest in any corporation, firm, partnership, or other business entity which is under the jurisdiction of any state regulatory agency he shall file a sworn statement with the Secretary of State disclosing such interest.

Section 2(a) of the Act defined "state agency" as "any office, department, commission or board of the executive department of government."

The opinion concluded that:

[T]he statute is intended to regulate State officials and employees as distinguished from local governmental officials and employees. This construction excludes governmental officers and employees of subdivisions of the State, such as counties and cities, and other strictly municipal corporations whose operations and jurisdiction pertain only to a particular locale within the State.

. . . .

By the express terms of Article XVI, Section 59, such River Authorities 'shall be governmental agencies and bodies politic and corporate. . . .' They are all limited in their area of operation to a particular

locale within the State by the respective enabling statutes. The enabling statutes vary considerably, but it may be said that River Authorities incorporated pursuant to Article XVI, Section 59 of the Constitution, are quasi municipal corporations. <u>Tri-City Fresh Water Supply District No. 2 v. Mann</u>, 135 Tex. 280, 142 S.W.2d 945 (1940). (Emphasis in opinion.)

. . . .

The Lower Colorado River Authority and similar River Authorities, which are quasi municipal corporations and political subdivisions of the State, are not among those governmental agencies which were intended to be regulated by [the Act].

Attorney General Opinion WW-202 (1957) at 3.

In support of its conclusion, the opinion cited <u>Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth</u>, 142 Tex. 320, 177 S.W.2d 936 (1944) where the Supreme Court had stated:

Irrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Section 59a of Article XVI of the Constitution, and statutes enacted thereunder carrying out the purposes of such constitutional provision, are not classed with municipal corporations, but are <u>held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law</u>. (Emphasis in opinion.)

<u>See also</u>, Attorney General Opinion M-522 (1969) (stating that article XVI, section 59, districts "are political subdivisions of the state . . . standing upon the same footing as counties and other political subdivisions established by law").

Attorney General Opinion H-10 (1973) addressed the question whether a state employee may also serve as director of a river authority in light of the provisions of article XVI, section 40, of the Texas Constitution which generally prohibits dual office holding but which states in part:

> State employees . . . who are not State
> officers, shall not be barred from serving as
> members of the governing bodies of school
> districts, cities, towns, or other local
> governmental districts . . .

The opinion concluded that the river authority was a 'local governmental district' under the constitutional provision, and that a state employee was thus not barred from serving at the same time as director of the authority.

Attorney General Opinion JM-197 (1984) did not consider river authorities or other article XVI, section 59, districts, but rather the question whether county attorneys were "officers or employees of any agency, institution, or department of state government" under former article 6252-26, V.T.C.S.  (The provisions of article 6252-26 were repealed in 1985 by the legislation enacting the Civil Practice and Remedies Code, in which the former article 6252-26 provisions were codified as chapter 104, the chapter under consideration herein.  Acts 1985, 69th Leg., ch. 959, at 3242, 3308.)

The opinion concluded that "article 6252-26 was meant to apply only to officers and employees of state agencies, institutions and departments having state-wide jurisdiction" and thus did not apply to county attorneys, who were covered rather by former article 6252-19b, now chapter 102 of the Civil Practice and Remedies Code.

Chapter 102 of the Civil Practice and Remedies Code makes provisions similar to those in chapter 104, but applies to conduct of employees and officers of a "local government," while chapter 104 applies to conduct of employees and officers of a "state agency, institution, or department."  Section 102.002 provides in part:

> (a)   A local government may pay actual
> damages awarded against an employee of the
> local government if the damages:
>
> (1)   result from an act or omission of
> the employee in the course and scope of his
> employment for the local government; and
>
> (2)  arise from a cause of action for
> negligence.

Section 102.001 defines "local government" as "a county, city, town, special purpose district, and any other political subdivision of the state." Section 102.004 authorizes the local government, not the attorney general, to provide

legal counsel in suits under chapter 102. Attorney General Opinion JM-197, supra, concluded that the provisions of what are now chapters 102 and 104 respectively, are to be read in pari materia and "are not intended to, and do not, cover the same officers and employees."

The provisions of chapter 101 of the Civil Practice and Remedies Code, the Texas Tort Claims Act formerly V.T.C.S. art. 6252-19, also appear to stand in pari materia with those of chapters 102 and 104. Section 101.021 provides:

> A governmental unit in the state is liable for:
>
> (1)  property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A)  the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B)  the employee would be personally liable to the claimant according to Texas law; and
>
> (2)  personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Section 101.001, subsection (2) defines "governmental unit" as:

> (A)  this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;
>
> (B)  a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district,

> water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, and _river authority_; and
>
> (C)  any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.  (Emphasis added.)[2]

In the light of the authorities and statutory provisions discussed above, we conclude that ANRA is not a "state agency, institution or department" under section 104.001. The provisions of chapters 101 and 102, standing _in pari materia_ with those of chapter 104, indicate that river authorities are "political subdivisions" of the state, or "units of local government," and not state agencies for purposes of chapters 101, 102, and 104.  They are not "state agencies, institutions or departments" under chapter 104.

---

2.  Section 101.103 provides for legal representation in suits under chapter 101 as follows:

> (a)  The attorney general shall defend each action brought under this chapter against a governmental unit that has authority and jurisdiction coextensive with the geographical limits of this state.  The attorney general may be fully assisted by counsel provided by an insurance carrier.
>
> (b)  A governmental unit having an area of jurisdiction smaller than the entire state shall employ its own counsel according to the organic act under which the unit operates, unless the governmental unit has relinquished to an insurance carrier the right to defend against the claim.

You do not ask about and we do not address the scope of these provisions with respect to their coverage of river authorities or other governmental units.

We do not think that the inclusion of river authorities as "state agencies" under the Sunset Act -- to which you referred in your request -- is dispositive. Compare, for example, section 402.042 of the Government Code which specifies that _inter alia_ "the head of a department of state government," "the head of a state board," and "the chairman of the governing board of a river authority" may request attorney general opinions. The statute's separate reference to chairmen of the governing boards of river authorities indicates that such persons were not considered by the legislature which enacted the provision to be included in the categories of heads of departments of state government or heads of state boards.

We think that the ruling in Attorney General Opinion V-569 (1948), that conservation and reclamation districts such as river authorities are employers standing in much the same relationship to their employees as counties to theirs, and having responsibility for their duties, working hours and compensation, indicates that a river authority and not the state should be responsible for the conduct of such an employee which is the basis for an award of damages against the employee. Chapter 102 rather than chapter 104 of the Civil Practice and Remedies Code thus governs a river authority's responsibility for such conduct of the river authority's employees and officers, including the provision of legal representation to such persons.

### S U M M A R Y

The Angelina-Neches River Authority is not a "state agency, institution, or department" within the meaning of section 104.001 of the Civil Practice and Remedies Code. Thus section 104.004 of that code, providing for representation by the attorney general in causes of action for certain conduct of officers and employees of a "state agency, institution, or department" under chapter 104 does not apply to the Angelina-Neches River Authority or to its officers or employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General