**The CITY OF VICTORIA, Appellant,**

v.

**C.M. HOFFMAN, Appellee.**

**No. 13–90–355–CV.**

Court of Appeals of Texas, Corpus Christi.

April 25, 1991.

Mark C. Rains, Cullen, Carsner, Seerden & Cullen, Victoria, for appellant.

Lynn Knaupp, Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for appellee.

Before NYE, C.J., and HINOJOSA and BENAVIDES, JJ.

## OPINION

HINOJOSA, Justice.

This is an appeal from a garnishment proceeding. C.M. Hoffman d/b/a Central Electric Construction Company initially recovered a judgment against Falcon Construction Company in Victoria County Court at Law No. 2 for $17,859.41 based on Hoffman's subcontract with Falcon to do electrical installations on two lift stations and a booster pump being constructed by Falcon as general contractor for the City of Victoria. Hoffman then filed the present suit against the City of Victoria in the same court to garnish moneys owed by the City to Falcon under the general contract. After a bench trial the Victoria County Court at Law No. 2 rendered judgment that Hoffman recover $10,000 from the City. The City appeals this judgment, bringing eleven points of error. We reverse and render.

Hoffman filed the present Application for Writ of Garnishment in the amount of $17,859.41 against the City on July 27, 1988, after he could find no money or assets that Falcon had to satisfy his judgment against it other than the City's debt to Falcon on the general contract. On August 19, 1988, the City answered by denying its indebtedness to Falcon. Nevertheless, after Falcon brought suit against the City on the general contract in a Harris County District Court, the City settled the matter for $10,000. Later, on November 28, 1989, Victoria amended its answer in the present garnishment proceeding to include its affirmative defense of immunity from garnishment under the provisions of Tex. Local Gov't Code Ann. § 101.023 (Vernon 1988) and The City of Victoria Municipal Charter art. 12, § 4.

Trial before the court commenced on December 6, 1989, and a judgment was signed on August 21, 1990, awarding Hoffman $10,000 against the City. In response to Victoria's request for findings and conclusions, the trial court found, among other things, that the City had been indebted to Falcon in the amount of $10,000 at the time it was served with the garnishment proceedings, that it had made payment of $10,000 to Falcon without notice to Hoffman and before asserting its affirmative defense of immunity, and that the City by amending its answer more than seven days prior to trial properly raised its affirmative defense of immunity from garnishment under the provisions of the Texas Local Government Code and the Victoria Municipal Charter. Nevertheless, the trial court concluded that Victoria waived its sovereign immunity right not to be subject to garnishment by failing to raise sovereign immunity as an affirmative defense before paying Falcon.

By points of error one through three the City complains that neither its failure to raise the affirmative defense of sovereign immunity from garnishment in its initial answer nor its payment of funds to Falcon waived this defense, which was otherwise uncontroverted and established as a matter of law.

■ Public policy exempts political subdivisions of the state performing governmental functions from execution or garnishment proceedings. *See Delta County Levee Improvement District No. 2 v. Leonard,* 516 S.W.2d 911, 912 (Tex.1974); *National Surety Corp. v. Friendswood Independent School District,* 433 S.W.2d 690, 694 (Tex.1968); *Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth,* 142 Tex. 320, 177 S.W.2d 936 (1944). This public policy exemption is also reflected in the Texas Local Government Code and various municipal charters of home-rule cities throughout the state. Pursuant to the Tex. Local Gov't Code Ann. §§ 101.021, 101.023 (Vernon 1988) and The City of Victoria Municipal Charter art. 12, § 4, the City's municipal funds are not subject to garnishment and the City is not required to answer in garnishment proceedings. The trial court recognized the applicability of these provisions. Nevertheless, in the present case the trial court concluded that the City waived this immunity by failing to plead it as an affirmative defense prior to paying money to Falcon.

■ Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Sun Exploration and Production Co. v. Benton*, 728 S.W.2d 35, 37 (Tex.1987); *El Paso Development Co. v. Berryman*, 769 S.W.2d 584, 589 (Tex.App.—Corpus Christi 1989, writ ref'd); *Baker Marine Corp. v. Weatherby Engineering Co.*, 710 S.W.2d 690, 693 (Tex.App.—Corpus Christi 1986, no writ). Hoffman argues that the City knowingly and intentionally waived its right to be immune from garnishment proceedings by both making an initial denial of liability and then making payment to Falcon before amending its answer to include the affirmative defense. Hoffman contends that the City's conduct in filing an answer controverting liability generally when it had the right not to answer was inconsistent with claiming immunity and mislead Hoffman into believing that Victoria intended to waive immunity from the garnishment proceeding, and, further, that the City failed to raise its affirmative defense for such an unreasonable amount of time as to indicate an intention to waive immunity.

■ We note initially that the City's payment of $10,000 to Falcon in settlement was not an action inconsistent with its right to be immune from garnishment proceedings. On the contrary, payment of funds otherwise subject to garnishment is consistent with the City's assertion of its immunity from garnishment. The only question remaining is whether the City's failure to plead the affirmative defense for a substantial period after the present proceeding was initiated constituted an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.

■ In the present case, waiver is thus being invoked based on the actions of a party to a lawsuit in the conduct of its defensive pleadings. Waiver of a party's right to assert a defense in a judicial proceeding is governed by the provisions of the Texas Rules of Civil Procedure. Specifically, Rule 94 requires affirmative defenses to be pleaded, and, where the defen-

dant files only a general denial and fails to plead matters of affirmative defense, all such defenses are waived. *Bracton Corp. v. Evans Construction Co.*, 784 S.W.2d 708, 710 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Villalon v. Vollmering*, 676 S.W.2d 220, 222 (Tex.App.—Corpus Christi 1984, no writ). A city, for instance, may waive its defense of governmental immunity by failing to affirmatively plead it until after the case was tried. *Davis v. City of San Antonio*, 752 S.W.2d 518, 519–20 (Tex. 1988).

However, Rule 94 must be read in connection with Rule 63, which allows amendment of the pleadings to be filed without leave of court up until seven days before the date of trial, unless the trial court has set another deadline for filing amendments under Tex.R.Civ.P. 166. *See Forscan Corp. v. Dresser Industries, Inc.*, 789 S.W.2d 389, 393 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Hill v. Whiteside*, 749 S.W.2d 144, 154–55 (Tex.App.—Fort Worth 1988, writ denied).

In the present case, the trial court specifically found that the City complied with the requirements of Rule 63 by filing its amendment more than seven days prior to trial. Having complied with the Rules of Civil Procedure in order to preserve its affirmative defense, the City did not waive that defense by the manner of its pleading. We sustain the City's first through third points of error. The City's remaining points are not dispositive and we need not address them. *See* Tex.R.App.P. 90(a).

We REVERSE the judgment of the trial court and here RENDER judgment that Hoffman take nothing in its garnishment action against the City of Victoria.

BENAVIDES, J., not participating.