MARY'S OPINION HEADING 









                                                NO.
12-07-00087-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

STEVE DANN AND WIFE,            §                      APPEAL
FROM THE 173RD

DIANA
DANN,

APPELLANTS

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

ATHENS
MUNICIPAL WATER

AUTHORITY,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Steve Dann and Diana Dann appeal the trial court’s
dismissal of their suit against the Athens Municipal Water Authority (AMWA) for
want of jurisdiction, based on the Danns’ failure to plead a cause of action
for which an express statutory waiver exists from the doctrine of sovereign
immunity.  In three issues, the Danns
contend that their pleadings are sufficient to raise fact issues regarding
their claims of inverse condemnation and easement by estoppel.  We affirm.

 

Background

            The AMWA owns all the land surrounding Lake Athens up to
448 feet mean sea level (“448 MSL”). 
AMWA also owns approximately thirty-one acres above the 448 MSL
contour.  The AMWA Board has determined
the thirty-one acres to be excess land and subject to sale under section
49.226(a) of the Texas Water Code.  








            In February 2001, the Danns were contemplating the
purchase of 12.979 acres near the lake but not abutting the shoreline at any
point and ending 181.5 feet from the 448 MSL contour around Lake Athens.  AMWA owned the property between the lake and
the land the Danns wanted.  Mose Trimble,
an inspector and agent for AMWA, assured the Danns that if they bought the
12.979 acres, they could have access over the AMWA property to the lake the
same as any lakefront property owner. 
Trimble, they contend, also stated that if they built the boat house and
dock they planned, they would have access across AMWA’s land to the boat house
and dock so long as they owned the property. 
Based on Trimble’s assurances, the Danns purchased the 12.979 acres, and
applied for a permit for a boat house on Lake Athens (on AMWA land).  AMWA granted the Danns a variance and issued
a boat house permit and an annual “ingress and egress permit” providing access
to the boat house across AMWA land lying between the Danns’ property and the
lake.  By 2003, the Danns had completed
the boat house and dock at a cost of over $15,000.00.  AMWA continued to issue annual ingress and
egress permits until March 31, 2006 when the permit issued April 1, 2005
expired.  In March 2006, AMWA’s board of
directors voted not to renew the Danns’ permit in conjunction with its decision
to sell the excess land.

            The Danns filed suit in August 2006.  AMWA answered asserting, inter alia, a plea
to jurisdiction.  After a nonevidentiary
hearing, the trial court found that the Danns’ petition did not state a claim
against a governmental entity upon which relief might be granted, and dismissed
the case for want of jurisdiction.

 

Sovereign Immunity

            The AMWA is a conservation and reclamation district
created by the Texas Legislature for the primary purpose of supplying water to
the City of Athens, Texas.  It is undisputed
that it is a governmental entity entitled to the protection of sovereign
immunity.

            Sovereign immunity bars suits against governmental
entities unless there is a clear and explicit constitutional or statutory
waiver of immunity.  Federal Sign
v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).  The doctrine of sovereign immunity has two
components —immunity from suit and immunity from liability.  Tex. Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999).  Immunity
from suit bars a lawsuit against the state unless the legislature has expressly
consented to the suit.  Id.  The legislature may consent to suit by
statute, but such consent must be by clear and unambiguous language.  Federal Sign, 951 S.W.2d at
405.   “A party suing a governmental entity
must establish the state’s consent, which may be alleged either by reference to
a statute or to express legislative permission.”  Jones, 8 S.W.3d at 638.  Absent such consent, the trial court does not
have subject matter jurisdiction.  Id.  Because sovereign immunity defeats a
trial court’s jurisdiction, it is properly asserted in a plea to the
jurisdiction.  Harris County v.
Sykes, 136 S.W.3d 635, 638 (Tex. 2004).

Standard of Review

            A grant of a plea to jurisdiction is reviewed de novo,
applying the same standard as that used by the trial court.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 228 (Tex. 2004).  When it is apparent from the pleadings that a
governmental unit is immune from suit, a grant of a plea to jurisdiction is
proper.  Sykes, 136 S.W.3d
at 639.  Although a reviewing court must
construe the pleadings liberally in favor of the plaintiff, a plaintiff filing
suit against a governmental entity must affirmatively demonstrate the court’s
jurisdiction to hear the lawsuit under the Texas Tort Claims Act or some other
statute that waives the entity’s immunity from suit.  See Tex. Dep’t of Criminal
Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  If the pleadings do not set forth sufficient
facts to affirmatively demonstrate the trial court’s jurisdiction, but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiffs should be afforded the opportunity
to amend.  County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002).

 

Inverse Condemnation

            The Danns complain that AMWA’s refusal to renew their
annual license to cross AMWA land is a government action that restricts or
limits their right to their property and is the producing cause of a reduction
of at leasT twenty-five percent in the market value of their property.  They contend that, in the instant case, their
property rights were adversely affected in (1) the land they purchased in
reliance on having access to the dock, deck, boat house, and lake facilities,
(2) the easement across AMWA’s property above the 448 elevation, (3) the
improvements to the trail leading from their property across AMWA’s property
and to the 448 elevation, and (4) the dock, deck, and boat house facilities
that they constructed as a permanent structure on the lake in reliance on the
representations of AMWA that they would have continued use of said facilities
as long as they paid the yearly permit fee. 
The Danns complain that AMWA’s refusal to renew their annual permit and
ingress egress license is government action detrimentally affecting their
property and constitutes a taking of their property for public use without just
compensation.

Applicable Law

            The Private Real Property Rights Preservation Act defines
a government taking, as follows:

 

   (A) a governmental action that affects
private real property, in whole or in part or temporarily or permanently, in a
manner that requires the governmental entity to compensate the private real property
owner as provided by the Fifth and Fourteenth Amendments to the United States
Constitution or Section 17 or 19, Article I, Texas Constitution; or

 

                   (B) a governmental action that:

 

(i)
affects an owner’s private real property that is the subject of the
governmental action, in whole or in part or temporarily or permanently, in a
manner that restricts or limits the owner’s right to the property that would
otherwise exist in the absence of the governmental action; and

 

(ii)
is the producing cause of a reduction of at least 25 percent in the market
value of the affected private real property, determined by comparing the market
value of the property as if the governmental action is not in effect and the
market value of the property determined as if the governmental action is in
effect.

 

 

Tex.
Gov’t Code Ann. § 2007.002(5) (Vernon 2000).  The Act applies only to the following
governmental actions:

 

(1)           the
adoption or issuance of an ordinance, rule, regulatory requirement, resolution,
policy, guideline, or similar measure;

 

                (2)           an action that imposes a physical
invasion or requires a dedication or exaction of private real property;

 

                (3)           an action by a municipality that has
effect in the extraterritorial jurisdiction of the municipality, excluding
annexation, and that enacts or enforces an ordinance, rule, regulation, or plan
that does not impose identical requirements or restrictions in the entire
extraterritorial jurisdiction of the municipality; and 

 

                (4)           enforcement of a governmental action
listed in Subdivisions (1) through (3), whether the enforcement of the
governmental action is accomplished through the use of permitting, citations,
orders, judicial or quasi-judicial proceedings, or other similar means.

 

Tex.
Gov’t Code Ann. § 2007.003(a) (Vernon 2000).  

            The Act specifically excludes from its scope “the
discontinuance or modification of a program or regulation that provides a
unilateral expectation that does not rise to the level of a recognized interest
in private real property[.]”  Tex. Gov’t Code Ann. § 2007.003(b)(5)
(Vernon 2000).  A license in real
property conveys no interest in or title to the real property concerned and
dispels the presumption of a grant on which a prescriptive right might be founded.  Davis v. Clark, 271 S.W. 190,
192 (Tex. Civ. App.–Fort Worth 1925, writ dism’d w.o.j.).

Discussion

            The Danns maintain that in reliance on Trimble’s oral
representations that they would continue to have access to the lake across AMWA’s
land as long as they paid the annual license and permit fee, they purchased
their property, improved the pathway across AMWA’s land, and built a deck and
boat house.  Therefore, they insist they
have acquired a prescriptive right of passage across AMWA’s land. Therefore,
they contend, AMWA’s refusal to renew the annual license amounts to a
taking.  We disagree.  

            The annual license conferred no property right, but only
the right of ingress and egress for the period specified in the license.  Davis, 271 S.W. at 192.  The Danns had no more than a unilateral
expectation that the AMWA would continue to issue permits as it had until its
decision to sell the property.  That expectation
does not rise to the level of a recognized interest in real property;
therefore, refusal to renew the license is not a taking.  See Tex.
Gov’t Code Ann. § 2007.003(b)(5). 
There is no waiver of sovereign immunity shown under the Danns’ inverse
condemnation theory that would give the trial court subject matter
jurisdiction.  The Danns’ first issue is
overruled.

 

Easement By Estoppel

            In their second issue, the Danns complain that the trial
court erred in dismissing their claims for easement by estoppel and for
declaratory judgment.  They maintain that
they were told by Trimble that they could obtain access to the lake across AMWA
property by obtaining a license.  They
obtained an annual ingress egress license and a boat house permit, which
apparently affirmed the validity of Trimble’s representations.  Relying on that representation, the Danns
spent $15,000.00 building a boat house and improving the way between their lot
and the lake.  AMWA was not only aware of
these improvements, the Danns insist, but encouraged their building by issuing
a permit for them.  Therefore, they claim
an implied easement or an easement by estoppel from their lot to the lake.

Applicable Law

            The general rule is that a unit of government exercising
its governmental powers is not subject to estoppel.  City of Hutchins v. Prasifka,
450 S.W. 2d 829, 835 (Tex. 1970) (citing City of San Angelo v. Deutsch,
126 Tex. 532, 91 S.W.2d 308[, 310] (1936)). 
The supreme court in Deutsch quoted the rule as stated in
Ruling Case Law:

 

“No
estoppel can grow out of dealings with public officers of limited authority,
and the doctrine of equitable estoppel cannot ordinarily be invoked to defeat a
municipality in the prosecution of its public affairs because of an error or
mistake of, or because of a wrong committed by, one of its officers or agents
which has been relied upon by a third party to his detriment.  So a municipality is not estopped by the
unauthorized acts of its officer or agent, or by his wrongful act.  Nor can an estoppel result from official
fraud and corruption.”  10 Ruling Case
Law, sec. 35, pp. 707-708.  The text
gives only two exceptions to the rule, and both are cases in which the city
received benefits from the irregular or wrongful act and afterwards sought to
repudiate it.  [citations omitted]

 

 

Deutsch, 126
Tex. at 536, 91 S.W.2d at 310.  In Prasifka,
the court said that “a municipality may be estopped in those cases where
justice requires its application, and there is no interference with the
exercise of its governmental functions. 
But such doctrine is applied with caution and only in exceptional cases
where the circumstances clearly demand its application to prevent manifest
injustice.”  Prasifka, 450
S.W.2d at 836.  In Dillard v.
Austin Independent School District, 806 S.W.2d 589 (Tex. App.–Austin
1991, writ denied), overruled on other grounds by Federal Sign,
951 S.W.2d 401), and superseded by statute on other grounds as stated in General
Services Commission v. Little-Tex Insulation Co., 39 S.W.3d 591, 598
(Tex. 2001), the court observed that the supreme court in Deutsch clearly
linked the use of estoppel against a governmental unit to the proprietary
actions of a municipality.  Dillard,
806 S.W.2d at 595.  Because a school
district has only governmental functions, the court held that estoppel could
not apply to the Austin Independent School District.  Id.  “Water districts and like entities created
under section 59 of article XVI of the Texas Constitution can only perform
governmental functions.”  Loyd v.
ECO Resources, Inc., 956 S.W.2d 110, 121-22 (Tex. App.–Houston [14th
Dist.] 1997, no pet.) (citing Bennett v. Brown County Water Imp. Dist.
No. 1, 153 Tex. 599, 272 S.W.2d 498, 500 (1951); Sears v.
Colorado River Mun. Water Dist., 487 S.W.2d 810, 812 (Tex. Civ. App.–Eastland
1972, writ ref’d n.r.e.) (a water district is a political subdivision of the
State, standing on the same footing as counties, rendering cases finding
municipalities liable for proprietary functions inapplicable)); see also 35
David B. Brooks, Texas
Practice: County and Special District Law § 2.6 (2d ed. 2002).

            The Danns argue that AMWA’s issuance of an annual license
and permit for four consecutive years, coupled with Trimble’s statement that
such a permit could be obtained, estops AMWA from denying their right to a
permanent easement across AMWA land. 
However, those who hold licenses or permits that expire annually assume
the risk that the license or permit may not be renewed.  AMWA received no benefit beyond the annual
fee charged.  A license in real property
conveys no interest in or title to the real property concerned and dispels the
presumption of a grant on which a prescriptive right might be founded.  Davis, 271 S.W. at 192.  The creation of a permanent easement for the
benefit of the Danns would interfere with AMWA’s statutory authority to sell
surplus land.  See  Tex.
Water Code Ann. § 49.226 (Vernon Supp. 2006).  AMWA’s refusal to renew the license and
permit does not interfere with or deprive the Danns of any use of their
property that they possessed on the day they bought it.  Even if estoppel were applicable to
governmental entities other than municipalities, we do not believe an estoppel
could arise from these facts.

            Since all functions of a water district must be
considered governmental functions, the exceptions holding municipalities
subject to estoppel are not applicable in the instant case.  The cases relied on by the Danns either
involve the invocation of estoppel against municipalities or private entities
or individuals and are inapposite.  We
conclude that the Danns’ attempt to invoke estoppel against AMWA is barred by
sovereign immunity.

            The Danns also seek declaratory relief confirming the
creation of “an easement by promissory estoppel, quasi-easement, estoppel in
pais and/or easement in pais” across AMWA’s property.  A request for declaratory relief does not
change the basic character of a suit or confer jurisdiction on the court.  State v. Morales, 869 S.W.2d
941, 947 (Tex. 1994).  For instance, a
party cannot avoid the bar of sovereign immunity by characterizing a suit to
enforce the State’s alleged contractual obligations under a shell dredging
permit as a suit for declaratory judgment. 
W.D. Haden Co. v. Dodgen, 158 Tex. 74, 77-78, 308 S.W.2d
838, 840 (Tex. 1958); see also Tex. Nat. Res. Conservation Comm’n v.
IT-Davy, 745 S.W.3d 849, 856 (Tex. 2002).  The character of the Danns’ claims in their
petition for declaratory relief do not differ from those we have already
addressed.  Recasting them as a request
for declaratory relief does not avoid the State’s sovereign immunity.  In Davy, the supreme court
rejected the plaintiffs’ claim that the State had waived its immunity from suit
on a contract by accepting the contract’s benefits.  Davy, 74 S.W.3d at 857.  The supreme court determined that “[c]reating
a waiver–by–conduct exception would force the State to expend its resources to
litigate the waiver–by–conduct issue before enjoying sovereign immunity’s
protections — and this would defeat many of the doctrine’s underlying policies.”  Id.  Consequently, we conclude that the Danns’
request for declaratory relief is also barred by sovereign immunity.  

            The Danns’ second issue is overruled.

 

Existence of Fact Issues

            In their third issue, the Danns contend the trial court
erred in dismissing their claim for lack of jurisdiction “because there are
fact issues concerning whether the defendant’s systems and procedures are
reasonable and whether defendant failed to follow its own regulations with
regard to the plaintiffs.”

            The Danns do not point to any specific rule or rules as
unreasonable, but make a general allegation that the rules adopted induced
individuals to construct decks, docks, and boat houses at great expense on
government property, but after construction allow the government to grant or
deny a permit approving the construction and access to the permanent structures
completed.  However, the Danns
acknowledge that had AMWA followed its published rules and regulations, this
dispute would not have arisen.  Instead,
they maintain that Mose Trimble, with AMWA’s express permission, was allowed to
advise them that they could have access to the lake across AMWA property.  They also complain that AMWA made no takings
impacts assessment before deciding to sell the surplus property and deny
renewal of their license and permit.  The
Danns’ allegations are simply a restatement of their estoppel theory, which we
have addressed and rejected as inapplicable. 
    Parties “suing a governmental
entity must establish the state’s consent, which may be alleged either by
reference to a statute or to express legislative permission.”  Jones, 8 S.W.3d at 637.  The Danns fail to point to any express
constitutional or statutory waiver of sovereign immunity applicable to the
facts alleged.  The Danns’ third issue is
overruled.

Disposition

            Having overruled the Danns’ three issues, the order
granting AMWA’s plea to the jurisdiction is affirmed.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

Opinion
delivered August 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)