# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00402-CV

**Robert L. Wynne, D.D.S., Appellant**

**v.**

**Lower Colorado River Authority, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-09-004422, HONORABLE JEFF L. ROSE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert L. Wynne, D.D.S., filed suit against the Lower Colorado River Authority ("the LCRA") seeking injunctive and declaratory relief regarding the LCRA's maintenance of the waters of Lake Travis. The LCRA filed a plea to the jurisdiction, asserting that its governmental immunity and Wynne's lack of standing barred the suit. The trial court granted the plea to the jurisdiction without specifying the jurisdictional ground on which it relied and dismissed Wynne's claims against the LCRA.[1] Wynne appeals. We will affirm the trial court's judgment.

The LCRA is a conservation and reclamation district created by the State of Texas under the authority of article XVI, section 59(a) of the Texas Constitution. It is a governmental agency and political subdivision of the State, *Hodge v. Lower Colo. River Auth.*, 163 S.W.2d 855,

---

[1] Wynne also sued the LCRA's board of directors in their official capacities, but the grant of the LCRA's plea to the jurisdiction severed Wynne's action against the LCRA as an entity. This appeal, therefore, concerns only Wynne's claims against the LCRA, not its board members.

857 (Tex. Civ. App.—Austin 1942, writ dism'd by agr.), and, as such, it enjoys immunity from suit unless the legislature has expressly waived that immunity, *see Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695-96 (Tex. 2003). Immunity from suit deprives a court of subject-matter jurisdiction and may be properly asserted in a plea to the jurisdiction. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

Our analysis of whether Wynne's suit is within the trial court's jurisdiction begins with his live pleadings. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Whether the plaintiff has met this burden is a question of law that we review de novo. *Id.* We construe the pleadings liberally, taking them as true, and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Id.* at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to replead. *Id.* at 227.

In his second amended petition, his live pleading in this case, Wynne alleged that the LCRA had substantially drained Lake Travis during 2008 and 2009, exceeding its constitutional mandate to conserve and reclaim the State's water and violating statutory prohibitions on denying public access to the lake for recreational use. Wynne further pleaded that the LCRA's pursuit of "improper purposes" had contributed to the severe drainage of Lake Travis, which had direct,

particularized consequences for him as a waterfront landowner, including depriving him of recreational and aesthetic use of his property. In support of his claims, Wynne identified several allegedly unlawful LCRA actions as "part of the problem," including: the LCRA's unconstitutional ownership and operation of thermoelectric generating plants, unconstitutional ownership and operation of gas and coal-fired power plants, unconstitutional sale of water to the South Texas Nuclear Project, sale of water downstream in order to generate revenue, and unconstitutional and excessive outflows into Matagorda Bay. As a remedy, Wynne sought declarations that the LCRA is obligated to maintain the water level in Lake Travis at an elevation supporting recreation and navigation (estimated to be 660 feet above sea level) and that the LCRA is not permitted to (1) own or operate gas or coal-fired electrical generating plants, (2) sell the State's water to the South Texas Nuclear Project, (3) sell the State's water for any non-irrigation purposes, if at all, or (4) outflow excess water into Matagorda Bay. In addition, Wynne sought injunctive relief ordering the LCRA to divest itself of its gas and coal-fired generating plants and their related distribution facilities.

The Texas Supreme Court has recently clarified that "suits requiring state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity," but that, "as a technical matter, the governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-73 (Tex. 2009). Accordingly, an ultra vires suit may only be brought against a state actor in his or her official capacity: "[B]ecause the rule that ultra vires suits are not suits against the State within the rule of immunity of the State from suit derives from the premise that the acts of officials which are not lawfully authorized are not acts of the State, it follows that these suits cannot be brought

3

against the state, which retains immunity, but must be brought against the state actors in their official capacity." *Id.* at 373 (internal citations and quotations omitted). In both form and substance, Wynne's suit seeks to require the LCRA to comply with statutory and constitutional provisions; it is, therefore, an ultra vires suit that may only be maintained against LCRA officials and not against the LCRA as an entity.[2] *See id.* at 372.

Finally, we note that during oral argument before this Court, Wynne suggested that his claims are not barred by sovereign immunity to the extent that he has challenged the constitutionality or sought construction of the LCRA's enabling statutes, implicitly invoking the exception recognized in footnote six of the supreme court's decision in *Heinrich*. *See id.* at 373 n.6 (noting that, for claims challenging validity of ordinances or statutes, declaratory judgment act requires that relevant governmental entities be made parties, and thereby waives immunity for those claims); *see also Texas Lottery Comm'n v. First State Bank*, ___ SW.3d ___, ___, 2010 WL 3818297, at *3-4 (Tex. 2010) (distinguishing *Heinrich* as to claim involving challenges to statute, rather than government officer's action or inaction). Even if Wynne had not waived this argument by failing to adequately brief and cite relevant authority in support of it, we disagree with his characterization of his pleadings; Wynne's second amended petition does not, in fact, seek

_____

[2] Indeed, in both his response to the LCRA's plea to the jurisdiction and his brief to this Court, Wynne represented that his suit is an ultra vires suit: "The Plaintiff claims the LCRA is acting *ultra vires* relative to its constitutional and statutory boundaries in several of the objectives for which it releases water from Lake Travis." Even if Wynne had not expressly characterized his pleadings as alleging ultra vires claims, however, they plainly do so. *See Texas Dep't of Ins. v. Reconveyance Servs.*, 306 S.W.3d 256, 258-59 (Tex. 2010) (acknowledging that although plaintiff's petition "did not include the term '*ultra vires*,' its allegations and requested declarations were, in substance, ultra vires claims, which, under *Heinrich*, were barred by sovereign immunity).

declaratory relief challenging the validity or seeking construction of any statute or ordinance.[3]

*Cf. City of Dallas v. Turley*, 316 S.W.3d 762, 771 (Tex. App.—Dallas 2010, pet. filed) (holding trial court erred in denying City's plea to jurisdiction because plaintiffs' claims for declaratory relief did not challenge validity of city ordinance). Therefore, because his pleadings affirmatively negate jurisdiction, we overrule Wynne's issues and affirm the trial court's grant of the LCRA's plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 227.

## CONCLUSION

We affirm the judgment of the trial court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: December 9, 2010

---

[3] Buried within his second amended petition, in a discussion of the alleged unconstitutionality of LCRA's ownership of gas and coal-fired power plants, Wynne suggests that "[i]f its governing statutes were ever deemed to countenance the vast commercial operations that now dominate the LCRA's affairs, those statutes would be unconstitutional." Nowhere in his petition, however, does Wynne actually seek a judicial construction of those statutes or a declaration regarding their constitutionality, under the UDJA or otherwise.