TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00402-CV




Robert L. Wynne, D.D.S., Appellant

v.

Lower Colorado River Authority, Appellee




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-09-004422, HONORABLE JEFF L. ROSE, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N


                        Appellant Robert L. Wynne, D.D.S., filed suit against the Lower Colorado River
Authority (“the LCRA”) seeking injunctive and declaratory relief regarding the LCRA’s maintenance
of the waters of Lake Travis. The LCRA filed a plea to the jurisdiction, asserting that its
governmental immunity and Wynne’s lack of standing barred the suit. The trial court granted the
plea to the jurisdiction without specifying the jurisdictional ground on which it relied and dismissed
Wynne’s claims against the LCRA.


 Wynne appeals. We will affirm the trial court’s judgment.
                        The LCRA is a conservation and reclamation district created by the State of Texas
under the authority of article XVI, section 59(a) of the Texas Constitution. It is a governmental
agency and political subdivision of the State, Hodge v. Lower Colo. River Auth., 163 S.W.2d 855,
857 (Tex. Civ. App.—Austin 1942, writ dism’d by agr.), and, as such, it enjoys immunity from suit
unless the legislature has expressly waived that immunity, see Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 695-96 (Tex. 2003). Immunity from suit deprives a court of subject-matter
jurisdiction and may be properly asserted in a plea to the jurisdiction. See Texas Dep’t of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).
                        Our analysis of whether Wynne’s suit is within the trial court’s jurisdiction begins
with his live pleadings. See Texas Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004). The plaintiff has the initial burden of alleging facts that affirmatively demonstrate the trial
court’s jurisdiction to hear the cause. Id. (citing Texas Ass’n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993)). Whether the plaintiff has met this burden is a question of law
that we review de novo. Id. We construe the pleadings liberally, taking them as true, and look to
the pleader’s intent. Id. If the pleadings do not contain sufficient facts to affirmatively demonstrate
the trial court’s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction,
the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to
amend. Id. at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea
to the jurisdiction may be granted without allowing the plaintiff an opportunity to replead. Id. at 227.
                        In his second amended petition, his live pleading in this case, Wynne alleged that the
LCRA had substantially drained Lake Travis during 2008 and 2009, exceeding its constitutional
mandate to conserve and reclaim the State’s water and violating statutory prohibitions on denying
public access to the lake for recreational use. Wynne further pleaded that the LCRA’s pursuit of
“improper purposes” had contributed to the severe drainage of Lake Travis, which had direct,
particularized consequences for him as a waterfront landowner, including depriving him of
recreational and aesthetic use of his property. In support of his claims, Wynne identified several
allegedly unlawful LCRA actions as “part of the problem,” including: the LCRA’s unconstitutional
ownership and operation of thermoelectric generating plants, unconstitutional ownership and
operation of gas and coal-fired power plants, unconstitutional sale of water to the South Texas
Nuclear Project, sale of water downstream in order to generate revenue, and unconstitutional and
excessive outflows into Matagorda Bay. As a remedy, Wynne sought declarations that the LCRA
is obligated to maintain the water level in Lake Travis at an elevation supporting recreation and
navigation (estimated to be 660 feet above sea level) and that the LCRA is not permitted to (1) own
or operate gas or coal-fired electrical generating plants, (2) sell the State’s water to the South Texas
Nuclear Project, (3) sell the State’s water for any non-irrigation purposes, if at all, or (4) outflow
excess water into Matagorda Bay. In addition, Wynne sought injunctive relief ordering the LCRA
to divest itself of its gas and coal-fired generating plants and their related distribution facilities.
                        The Texas Supreme Court has recently clarified that “suits requiring state officials
to comply with statutory or constitutional provisions are not prohibited by sovereign immunity,” but
that, “as a technical matter, the governmental entities themselves—as opposed to their officers in
their official capacity—remain immune from suit.” City of El Paso v. Heinrich, 284 S.W.3d 366,
372-73 (Tex. 2009). Accordingly, an ultra vires suit may only be brought against a state actor in his
or her official capacity: “[B]ecause the rule that ultra vires suits are not suits against the State within
the rule of immunity of the State from suit derives from the premise that the acts of officials which
are not lawfully authorized are not acts of the State, it follows that these suits cannot be brought
against the state, which retains immunity, but must be brought against the state actors in their official
capacity.” Id. at 373 (internal citations and quotations omitted). In both form and substance,
Wynne’s suit seeks to require the LCRA to comply with statutory and constitutional provisions; it
is, therefore, an ultra vires suit that may only be maintained against LCRA officials and not against
the LCRA as an entity.


 See id. at 372.
                        Finally, we note that during oral argument before this Court, Wynne suggested
that his claims are not barred by sovereign immunity to the extent that he has challenged
the constitutionality or sought construction of the LCRA’s enabling statutes, implicitly invoking
the exception recognized in footnote six of the supreme court’s decision in Heinrich. See id. at
373 n.6 (noting that, for claims challenging validity of ordinances or statutes, declaratory judgment
act requires that relevant governmental entities be made parties, and thereby waives immunity
for those claims); see also Texas Lottery Comm’n v. First State Bank, ___ SW.3d ___, ___,
2010 WL 3818297, at *3-4 (Tex. 2010) (distinguishing Heinrich as to claim involving challenges
to statute, rather than government officer’s action or inaction). Even if Wynne had not waived this
argument by failing to adequately brief and cite relevant authority in support of it, we disagree with
his characterization of his pleadings; Wynne’s second amended petition does not, in fact, seek
declaratory relief challenging the validity or seeking construction of any statute or ordinance.


 
Cf. City of Dallas v. Turley, 316 S.W.3d 762, 771 (Tex. App.—Dallas 2010, pet. filed) (holding trial
court erred in denying City’s plea to jurisdiction because plaintiffs’ claims for declaratory relief did
not challenge validity of city ordinance). Therefore, because his pleadings affirmatively negate
jurisdiction, we overrule Wynne’s issues and affirm the trial court’s grant of the LCRA’s plea to the
jurisdiction. See Miranda, 133 S.W.3d at 227.

CONCLUSION
                        We affirm the judgment of the trial court.
 
 
                                                                                                                                                             
                                                                        J. Woodfin Jones, Chief Justice
Before Chief Justice Jones, Justices Puryear and Pemberton
Affirmed
Filed: December 9, 2010